## JOHN H. WEBSTER AND WM. H. LYONS v. SAMUEL B. KING et als.

WHEN ONE WILL BE DECLARED TRUSTEE OF ANOTHER.—If one who is in posses-sion of land, claiming to own it, finds that the conveyance of his grantor is defective, and to cure the defect, hands a quitclaim of his grantor, with an abstract of title, to an attorney and searcher of titles, and requests them to procure his grantor to execute the deed, and they undertake to do so, but instead thereof induce the former grantor to deed to one of them, who then deeds an undivided half to the other, they will become the trustees of their employer, and will be compelled to execute a conveyance to him.

HOW RELATION OF TRUSTEE ESTABLISHED.—If one is employed by another to assist him in obtaining a conveyance of property, and trust and confidence are reposed in him to enable him to aid his employer in the business, and he violates the confidence and obtains a conveyance of the property to himself, he will be held to be the trustee of his employer, and will be compelled to convey to him.

JUDGMENT NOT TECHNICALLY CORRECT.—If a judgment is just in the main, it will not be reversed because matters are inserted in it which are not technically correct, but do not affect the merits of the case.

APPEAL from the District Court, Fourth Judicial District, City and County of San Francisco.

The plaintiffs appealed from the judgment and from an order denying a new trial.

The other facts are stated in the opinion of the Court.

*Haight & Pierson*, and *Loughborough & Harrison*, for Appel-lants, confined their argument to alleged errors of the Court, in admitting in evidence the mortgage from Atherton to Petch, and to the points that the executor could not execute the power of sale contained in the mortgage, and that in attempting to execute it he did not strictly comply with the terms.

*D. P. Barstow*, for Respondents, after replying to the argument of appellants' attorneys, argued that as Lyons & Webster undertook to act for King, and in so doing acquired information which enabled them to know the condition of the title, that they could not become the purchasers of the property on their own account, but had become the trustees of King; and cited 1 *Story's Equity*, Sec. 315; *Story's Agency*,

Sec. 211; *Parkist* v. *Alexander*, 1 John. Ch. 396; *Hawley* v. *Cramer*, 4 Cowen, 737; *Sweet* v. *Jacocks*, 6 Paige, 364; *Torrey* v. *Bank of Orleans*, 9 Paige, 663; and *Binns* v. *Burtis*, 10 Peters, 270.

By the Court, CURREY, C. J. :

Ejectment for a certain fifty vara lot of land in San Francisco.   Both parties claim title to the premises from William Atherton.   The plaintiffs, by deed executed by Atherton, bearing date in July, 1865, and the defendants by deed bearing date in June, 1851, executed by the executor of the estate of Robert Petch, deceased, in pursuance of authority contained in a mortgage executed by Atherton to Petch, bearing date the 8th of October, 1850.

Atherton, being the owner of the premises, on the 8th of October, 1850, mortgaged the same on that day to Petch, to secure the payment of a promissory note, in the sum of two thousand two hundred and ninety-two dollars and interest thereon at the rate of six per cent a month, on the 8th of April then next.   In and by the mortgage deed Atherton constituted and appointed Petch his attorney in fact, granting to him full power and authority, in case the debt evidenced by the promissory note and the interest which should accrue thereon should not be paid when due, to sell the mortgaged premises at auction, after advertising the same for sale for twenty days, by at least two insertions of the advertisement in some newspaper published in San Francisco, and to execute, deliver and acknowledge a proper deed or deeds of conveyance, "in his own name," to the purchaser or purchasers, and after retaining the amount due on the note, and the costs and charges of such advertisement, sale and conveyance, to pay whatever should remain of the purchase money, if any, to the said Atherton, "his heirs, administrators or assignees."   Petch died on the 4th of February, 1851, leaving a last will and testament, in which

he appointed David Long executor. In May following the will was admitted to probate, by the Probate Court of San Francisco, and letters testamentary were granted and issued to said Long. In June of the same year, said Long, as executor of the estate and last will and testament of the deceased, sold said premises to the defendant King for two thousand six hundred and fifty dollars, claiming the right and authority so to do under the power contained in the mortgage. At the time of the sale there was over three thousand two hundred dollars due on the note and mortgage. On the day of the sale Long, describing himself " executor, etc., of Robert Petch, deceased" executed and delivered a deed of the premises to the defendant King, under which King entered into the possession of the property and erected thereon a dwelling house, and thereon resided, improving and using the same as his own property. The property was occupied by King and certain of the defendants, as purchasers of portions thereof from him, from the time of his entry into the possession until the trial of this action. During all this time Atherton made no claim to the property, but recognized by his declarations the defendant King as the owner of it by purchase from Long, by which said debt due the estate of Petch was in part paid and satisfied.

In July, 1865, King was advised by his lawyer to obtain a quitclaim deed from Atherton for the property, and thereupon such a deed was drawn up ; and with an abstract title to the lot, sent to one Happersett at Stockton, in this State (near which place Atherton resided), who was employed by King to call upon Atherton and obtain from him the execution of the deed. Very soon after this Happersett called upon Atherton and requested him to sign the deed, when the latter declared that he did not own the property—that it had long before passed out of his hands. He consented to sign the deed, and agreed to execute it at Stockton on the day following before a proper officer. When the time appointed for the purpose arrived, Atherton informed Happersett that he had concluded not to execute the deed

then, but would soon be at San Francisco and see the defend-
ants in this suit and arrange the matter with them.   Happer-
sett then called upon the plaintiff Lyons, a lawyer residing at
Stockton, and requested his assistance for the purpose of
persuading Atherton to execute the deed, and at Lyons'
request left with him the abstract and deed.   At the same
interview Happersett requested Lyons to ask the plaintiff
Webster, whose business in part was that of searcher of
records, to assist him in procuring the execution of the deed
by Atherton.   The papers were afterwards handed over to
Webster by Lyons.   Instead of obtaining the execution of
the deed as requested, Atherton was induced to execute a
deed of the premises to Webster, who thereupon conveyed
to Lyons an undivided half of the interest which he acquired
in the property by the deed of Atherton.   The Court found
that the plaintiffs obtained their information respecting the
title entirely from Happersett and the abstract by him fur-
nished them.

The defendants by their answer traversed the material
allegations of the complaint, and further, affirmatively set
forth the matters above stated, claiming that in treating with
Atherton the plaintiffs undertook to act for the defendants
and to procure for them a deed of the premises from Ather-
ton, and that the obtaining of a deed from Atherton to
Webster was wrongful and fraudulent; and further, that the
plaintiffs' claim was inequitable and unjust and a cloud upon
the defendants' title to the property.   Therefore the defend-
ants asked the Court to decree: First—That plaintiffs had
no title or interest in the property or any part of it.   Second
—That if they had by reason of the deed of conveyance from
Atherton, it might be decreed that they held the same in
trust for the defendants, and might be required to convey the
same to defendants.   There was a prayer for such other and
further relief as might be equitable.

The Court decreed that the defendants King, Landis, Frost
and Reinhardt were, as against the plaintiffs, the owners and
rightfully in possession of the property.   And further, that

whatever title or interest the plaintiffs acquired by the deed of Atherton, was acquired and held in trust by them for the defendants last named; and further decreed that plaintiffs should execute and deliver to such defendants a deed or deeds for the premises on demand, according to the several possessions and occupations of said defendants, etc.

In the consideration and decision of this case it is not necessary to pass upon many of the questions raised on the motion for a new trial and on this appeal, because, conceding that the title to the property failed to become transferred by the sale and conveyance attempted to be made by Long to King, and did not pass from Atherton until the execution of the deed by him to Webster, we are of the opinion and hold that Webster, from his relation to the defendants, acquired such title in trust for the use and benefit of the defendants, and from that time held the same as trustee, in trust for them, until he conveyed an undivided half of the same to Lyons, and that whatever interest Lyons acquired in the premises, from his relation to the defendants, he acquired and held in trust for the use and benefit of the defendants; and we are further of the opinion and hold that from the time the plaintiffs respectively became invested with the title of the property they stood in the attitude of trustees to the defendants who claim the property, and from thence hitherto have held and now hold the title thereof in trust for such defendants. We think this too clear to require any reference to authority to support the conclusions to which we have come. The books are full on the subject, which it would be well for those in whom confidence is reposed in business matters to read and *inwardly digest.* In them is inculcated, as a principle of equity, the doctrine of the golden rule, which it is the duty of the Courts to enforce as fully and completely as it may be possible to do in all cases. (*Hardenbergh* v. *Bacon, post* 356.) We are of the opinion the judgment of the District Court is just in so far as it requires the plaintiff to execute a deed or deeds of conveyence of the premises to the defendants last named, and that whatever else in it

may not be logicially and technically correct does not affect the merits of the case, and is immaterial and harmless.

Judgment affirmed.

Mr. Justice SANDERSON did not express an opinion.