ASAHEL GAGE

*v.*

NEIL McLAUGHLIN.

*Filed at Ottawa November 10, 1881.*

| 101 | 155 |
| 125 | 451 |
| 101 | 155 |
| 144 | 457 |
| 101 | 155 |
| 161 | 405 |
| 101 | 155 |
| 175 | 555 |
| 101 | 155 |
| 207 | 30 |
| 207 | 196 |
| 101 | 155 |
| e212 | 316 |

CHANCERY—*of the bill to remove cloud on title.* A bill to set aside certain deeds made for property sold for taxes, as a cloud upon the title, which fails to allege any invalidity in the sale or tax deeds, is bad on demurrer.

APPEAL from the Superior Court of Cook county; the Hon. JOHN A. JAMESON, Judge, presiding.

Mr. AUGUSTUS N. GAGE, and Mr. HENRY D. BEAM, for the appellant.

Mr. J. J. KERRIGAN, and Mr. R. B. BACON, for the appellee.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

This was a bill or petition filed by Neil McLaughlin, ostensibly under the act of April 19, 1872, known as the Burnt Records act. Petitioner claimed title to the lands described in the bill, being several lots in a certain subdivision of a tract of land in Cook county, by foreclosure of a mortgage made by one Andrew Cook to petitioner June 1, 1872, and a master's deed, under the decree of foreclosure and sale, executed August 3, 1873. The petition made parties the widow and heirs of Andrew Cook, who died July 11, 1872, before

said decree of foreclosure, and also Asahel Gage, who is alleged to claim an interest in the premises by virtue of two tax deeds executed by the sheriff and county clerk of Cook county, and dated, respectively, September 8, 1869, and July 19, 1879. Asahel Gage appeared, and filed a demurrer to the bill, and the same being overruled by the court, he elected to stand by his demurrer. The court in its decree found, on the report of the master, that the widow and heirs of Andrew Cook had no interest in the premises, and decreed that the petitioner was the owner, in fee simple, of the lands described in the petition. Gage appealed.

There is no allegation in the bill which entitles the petitioner to any relief as against the defendant Gage. The sole allegation with respect to him is, that on July 11, 1874, there was recorded in the recorder's office of Cook county, a deed, dated September 8, 1869, executed by the sheriff of said county to Asahel Gage, pertaining to one of the lots; that there was recorded in said office, on July 19, 1879, a deed from the county clerk of said county to Asahel Gage, pertaining to said lots; "that said two deeds purport to be tax deeds, and said Asahel Gage claims to have some interest in said lots by virtue of said deeds." If plaintiff relied upon any invalidity of defendant's tax deeds, he should have alleged the same in his bill, which he does not do.

Appellee claims the allegation of the bill was sufficient, under the clause in the Burnt Records act, that the petitioner "shall give the names of all persons owning or claiming any estate in fee in said lands, or any part thereof." This bill, while ostensibly filed under that act, is in reality one filed to remove the tax deeds of Gage as clouds on petitioner's title. All the case made under that act is, that the power of attorney to one Rees to lay out the subdivision in which the lots are situate, the plat of the subdivision, and certain antecedent deeds in the chain of title, were destroyed by fire on October 9, 1871.

The only persons named as defendants, besides Gage, were the widow and heirs of Andrew Cook, the mortgagor. The widow and heirs evidently claimed no interest in the premises after the making of the master's deed under the decree and sale in foreclosure. The mortgage of Andrew Cook to the petitioner, the foreclosure proceedings, the sale and master's deed, were all long subsequent to the fire, and needed no proceeding under the Burnt Records act to establish and confirm them. The only object of the bill must have been to set aside the tax deeds of Gage. The bill makes no case for having them set aside, and the demurrer of Gage should have been sustained.

The decree, as respects Gage, is reversed, and the cause remanded for further proceedings consistent herewith.

*Decree as to Gage reversed.*