PORTIA GAGE *et al.*

*v.*

PATRICK CARAHER.

*Filed at Ottawa June 16, 1888.*

1. BURNT RECORDS ACT—*what facts will bring a case within the act.* Where it is averred and shown that the records of a county have been destroyed by fire, and that at that time the petitioner was the owner of the realty the title to which is sought to be confirmed; that he has had a connected chain of title from the government, evidenced by certain deeds of conveyance which are lost; that such deeds had been recorded and the record thereof destroyed in such fire, and that the defendants claim title in fee to the premises, and had caused deeds thereto to be placed on record, etc., and the petition is properly verified, it will entitle the petitioner to relief under the Burnt Records act, notwithstanding there may be adverse claimants.

2. SAME—*allegations in respect to adverse claims—burden upon the parties respectively, in regard to his own claim of title.* Under this act it is not necessary to aver in the petition that tax deeds held adversely are invalid, and show the grounds of their invalidity, as is required in bills to remove such deeds as clouds upon the title. All that is required in respect of adverse claimants or their titles is, that such claimants shall be named in the petition, and made defendants. The petitioner is required to show the validity of his own title, only, and when a person is made a defendant, it devolves upon him to establish the title he may claim to the property.

3. SAME—*settling adverse or conflicting titles.* By section 10 of the act, the court is given power to inquire into the condition of any title to or interest in the land, and to make all such orders, judgments or decrees as may be necessary to determine and establish such title or interest, either of a legal or equitable character; and by section 15, in such decrees, whether *pro confesso* or otherwise, to determine and decree in whom the title is vested.

4. SAME—*confirming title as against tax title—upon terms.* In a proceeding under the Burnt Records act, to confirm the title to land as against tax titles, the petitioner will be required to repay the money advanced at the tax sale, and subsequent taxes paid by the holder of such titles, with the legal interest thereon. This rule is based on the maxim "that he who seeks equity must do equity."

5. But where a purchaser at a sale upon a special assessment, omits to take out his deed within the time limited by statute, and therefore the tax certificate and the sale on which it was based, are void, and can constitute no basis of title, and have ceased to be a cloud on the title to the property to which such certificate refers, then, in that case, the petitioner seeking confirmation of his own title will not be required to reimburse the holder of such certificate for the money advanced by him at the assessment sale.

6. CONSTITUTIONAL LAW—*changing rules of evidence—legislative power.* The power of the legislature to change the rules of evidence and the burden of proof, whether affecting existing rights or as applicable to rights subsequently acquired, or to future litigation, so long as such rules of evidence sought to be established are impartial and uniform in their application, is practically unrestricted.

7. SAME—*changing the burden of proof in respect to tax titles—constitutionality of the act.* The statute creating the presumption in favor of the regularity of the proceeding for the sale of land for taxes, prior to the deed, establishing only a rule of evidence, may be changed, and a change in the statute doing away with the presumption, and throwing the burden of proof on the party holding a tax title to show the regularity of the proceeding, is not unconstitutional, as impairing the obligation of contracts.

8. TAX TITLE—*judgment and precept and affidavit of notice essential.* It is indispensable to the validity of a tax title that there shall be a valid

judgment, a valid precept, and the affidavit of the notice required by law. The act of 1845 (Rev. Stat. 1845, chap. 89, sec. 73,) does not make the tax deed *prima facie* evidence of a valid judgment, or affidavit of notice. These were required to be shown to establish the validity of a tax title.

9. SAME—*limitation as to time of taking out deed.* Under the act of 1867, unless the holders or owners of certificates of sales for taxes or special assessments, whether made for city, State, county or any other purpose, within six months from and after the time of redemption should expire, take out a deed or deeds, such certificates of sale, and the sale or sales on which they were b ised, are made absolutely null and void, and they will cease to be a cloud on the title to the property to which the certificates refer.

APPEAL from the Superior Court of Cook county; the Hon. HENRY M. SHEPARD, Judge, presiding.

This was a petition under the Burnt Records act, (Rev. Stat. chap. 116,) by Patrick Caraher, against appellants and others, to establish and confirm his title to lot 3, in block 9, school section addition to Chicago, and lot 21, in Gurley's subdivision of block 10, canal trustees' subdivision of the south-east quarter of section 17, town 39, range 14 east, in Cook county, Illinois. The petition, in addition to complying with section 16 of the act, in averring the destruction of the record and setting out the title of appellee, as required, set out that since the destruction of the record, three pretended tax deeds had been placed on record, dated, respectively, September 28, 1871, October 16, 1872, and October 24, 1872, purporting to convey said lots to Henry H. Gage, and a deed for said lots from Asahel Gage to Portia Gage, and alleging that Asahel Gage, Henry H. Gage and Portia Gage claimed title to said lots in fee. Asahel Gage filed answer disclaiming any interest in the premises. Henry H. and Portia Gage severally answered, denying the material parts of the petition relating to the title of appellee; admitting the destruction of the records, the recording of the tax deeds mentioned, and setting up conveyance by Henry H. Gage to Portia Gage; averring the validity of said tax deed, and title in Portia Gage in fee, and also that on

March 30, 1869, there had been three sales,—two of lot 3 and one of lot 21,—by virtue of warrants issued upon judgments rendered against said lots, respectively, for special assessment duly made thereon; that certificates had issued, severally, on such sales, which were legally held by Henry H. Gage, who, after the time of redemption had expired, filed the same with the proper officer, accompanied with an affidavit, as required by law, to procure deeds thereon; that such officer had made such deeds, but that the same, with the affidavits and certificates still remaining with such officer, were destroyed in the fire of October 9, 1871, and protests that appellee was not entitled to the relief sought, but if he was, such relief could be granted only upon payment of all taxes, special assessments, etc., advanced by appellant Portia Gage, or her grantors. The court entered a decree finding appellee seized of the land, required him to pay taxes and costs advanced at the several sales on which said tax deeds were issued, with all subsequent taxes paid thereunder, with six per cent interest thereon, and finding said tax deeds void, and reserving to appellants all rights they may have acquired, if any, under or by virtue of said sales for special assessments, referred to in the answers, and that appellee was not required to refund the amounts paid on said special assessment sales.

Mr. AUGUSTUS N. GAGE, for the appellants:

The constitution of the United States secures appellant in her vested rights. *Garrick* v. *Chamberlain*, 97 Ill. 620.

The law under which the purchase was made, constituted a contract, and created vested rights. Cooley on Taxation, (2d ed.) chap. 16, sec. 13; *Garrett* v. *Wiggins*, 1 Scam. 335.

The petition failing to point out any irregularity in the tax deeds, the court erred in setting them aside. *Hyde* v. *Heath*, 75 Ill. 381; *Gage* v. *Reid*, 104 id. 509; *Walker* v. *Ray*, 111 id. 315.

Mr. JAMES E. MONROE, and Mr. IRA J. GAER, for the appellee:

The Burnt Records act invested the trial court with full jurisdiction to establish the lost deeds and destroyed records thereof, and to declare the better title to the lots, whether legal or equitable. *Robinson* v. *Ferguson,* 78 Ill. 539; *Mulvey* v. *Gibbons,* 87 id. 377; *Smith* v. *Hutchinson,* 108 id. 662; *Smith* v. *Gage,* 11 Biss. 217.

If the petition states a case within the provisions of the act, it will be treated as a suit under the act, rather than as a bill to remove a cloud. *Heacock* v. *Hosmer,* 109 Ill. 245; *Smith* v. *Hutchinson,* 108 id. 662; *Heacock* v. *Lubuke,* 107 id. 396.

The party relying on a tax deed must prove a judgment and precept authorizing the sale, (*Hinman* v. *Pope,* 1 Gilm. 131,) as well as the filing of the affidavit of notice. *Atkins* v. *Hinman,* 2 Gilm. 437; *Baily* v. *Doolittle,* 24 Ill. 577; *Elston* v. *Kennicott,* 46 id. 189; *Williams* v. *Underhill,* 58 id. 137; *Eagan* v. *Connelly,* 107 id. 459; *Holbrook* v. *Fellows,* 38 id. 440; *Wilson* v. *McKenna,* 52 id. 48.

No one can have a vested right in a mere rule of evidence. Cooley's Const. Lim. (5th ed.) 452, *368; *Hickox* v. *Tallman,* 38 Barb. 608; *Roby* v. *Chicago,* 64 Ill. 447.

The decree is not inequitable as respects the terms on which it vacates the three tax titles.

When a title is absolutely void it is not a cloud. *Detroit* v. *Martin,* 34 Mich. 173; *Overing* v. *Foote,* 43 N. Y. 293; *Cox* v. *Clift,* 2 Com. 118.

Mr. JUSTICE SHOPE delivered the opinion of the Court:

It is contended that this proceeding is not, properly considered, under the act known as the "Burnt Records act." This is a misapprehension. This case is essentially different from *Gage* v. *McLaughlin,* 101 Ill. 155. It was said in that case: "This bill, while ostensibly filed under the act, is in reality one filed to remove the tax deeds of Gage as a cloud on petitioner's title." That the effect of the proceeding may be to remove a

cloud from the petitioner's title, can not be regarded as a test of whether the proceeding is properly under the act. That will, in all cases, depend upon the case made by the petition, and proofs thereunder.

It is averred and shown that the records of Cook county were destroyed by fire October 9, 1871; that at that time petitioner was the owner of the lots in question; that he had a connected chain of title from the government, evidenced by certain deeds of conveyance, thirty-six of which, necessary to the completion of his chain of title, were lost; that such deeds had been recorded, and the record thereof destroyed in said fire; that appellants and others were claiming title in fee to said lots, and had caused deeds thereto to be placed on record, etc. The petition was duly verified, and contained all that was necessary to entitle the petitioner to relief under the provisions of that act, and was sustained by proof.

It is no objection to proceeding under the statute, where the facts alleged and proved bring the case within its provisions, that there are adverse claimants. Whatever may be the power of the court of chancery, where there are controverted titles, to restore, by its decree, the evidences of title in the respective parties as they were before the destruction of the record, and then, in its discretion, remit the parties to a court of law to there try their titles, it is manifest no such course was contemplated by the statute, or necessary in cases under it. By the act, (sec. 10,) the court is given power to inquire into the condition of any title to or interest in the land in question, and to make all such orders, judgments or decrees as may be necessary to determine and establish said title or interest, either of a legal or equitable character; and (sec. 15) in such decrees, whether *pro confesso* or otherwise, to determine and decree in whom the title is vested. The court is authorized and required to investigate the interest of all the parties in the premises in question, (*Mulvey* v. *Gibbons*, 87 Ill. 367,) and to decree in favor of the better title. (*Robinson* v. *Ferguson*, 78

Ill. 538; *Smith* v. *Hutchinson,* 108 id. 662; *Smith* v. *Gage,* 11 Biss. 217.) The decrees so entered are, by the statute, (sec. 16,) made, as to the title so found, forever binding and conclusive. Ample provision is made by the 18th section of the act for presenting opposing or conflicting claims of title.

It is also objected that the petition is insufficient to warrant the court in finding the tax deeds void, for the reason that it does not aver the invalidity of such tax deeds, as is required to be done in bills to remove tax deeds as clouds upon titles, (*Moore* v. *Wayman et al.* 107 Ill. 195, *Farwell* v. *Harding et al.* 96 id. 32, *Barnett* v. *Kline,* 60 id. 205,) and proof thereof was not made by the petitioner. This position is untenable. All that is required in respect of adverse claimants or their titles is, that such claimant shall be named in the petition and made defendant. Nothing more is required to give the court jurisdiction, under the statute, to investigate all claims of title to the premises, and by its decree establish and confirm the title in the person in whom it is found to be vested, and to make all such orders, judgments and decrees as shall be necessary to that end. It was said in *Smith* v. *Hutchinson, supra,* that the petitioner was required to establish the validity of his own title only, and "when a person is made defendant in a petition of this character, it devolves upon him to establish the title he may claim to the property."

If appellants intended to rely on their title set up in their answers, they were required to show its validity. It is said, however, in effect, that this was done when they introduced in evidence their tax deeds, regularly executed by the proper officer; that by virtue of the statute, such deeds are made *prima facie* evidence of the regularity of all the precedent proceedings necessary to their validity, and that this is so, notwithstanding the "Burnt Records act" (par. 23,) expressly provides that no tax deed, based upon any proceeding the record of which has been destroyed, shall be received as *prima facie* evidence of the regularity of such proceeding, because the statute making the

tax deed *prima facie* evidence of the regularity of the precedent
steps, etc., was in force at the time of the sale and making of
the deeds, and formed part of the contract relating thereto,
and that the application of the 23d paragraph of the "Burnt
Records act," passed subsequently to the making of the deed,
would be in violation of section 10, of article 1, of the consti-
tution of the United States, preserving the inviolability of con-
tracts.    The position of counsel is manifestly untenable.    As
we have seen, it devolves upon appellants to show that their
tax titles, or some of them, were valid, before the court could
decree in their favor thereon, and it was essential and indis-
pensable to the validity of such titles that there should be a
valid judgment, a valid precept, and the affidavit of notice
required by law.    We have repeatedly held, that a tax deed
made in pursuance of the statute in force when these several
sales and deeds were made, is void, unless it is supported by
a valid judgment and precept.    Nothing in the act (Rev. Stat.
1845, chap. 89, sec. 73,—Gross' Stat. 1869, p. 575,) makes
the tax deed *prima facie* evidence of a valid judgment, precept
or affidavit of notice.    These were required to be shown to
establish the validity of the tax title.    *Pitkin* v. *Yaw*, 13 Ill.
251; *Baily* v. *Doolittle*, 24 id. 577; *Gage* v. *Lightburn et al.*
93 id. 248; *Eagan* v. *Connelly*, 107 id. 458.

But if this was not so, counsel is in error in supposing that
the section of the "Burnt Records act" referred to, would have
the effect to impair any right of contract.    At most, the stat-
ute creating the presumption in favor of the regularity of the
proceeding prior to the deed, is a rule of evidence only.    By
the statute referred to, the party claiming under a properly
executed tax deed was relieved, in the first instance, of the
necessity of proving certain things essential to the validity of
his deed, and the burden was cast upon the opposite party
of showing irregularity therein, if it existed.    By the latter
act, when the record of the proceedings upon which the tax
deed is based has been destroyed, as here shown, this pre-

sumption in favor of regularity is taken away, and the burden is upon the party claiming under the deed, to show that the law has been complied with in each step essential to the making of a valid tax title. What is essential is the same in both cases. The burden of proof, only, is changed. The power of the legislature in this respect, whether affecting proof of existing rights, or as applicable to rights subsequently acquired, or to future litigation, so long as the rules of evidence sought to be established are impartial and uniform in their application, is practically unrestricted. (Cooley's Const. Lim. 368; *Hickox* v. *Tallmann*, 38 Barb. 601.) The section of the "Burnt Records act" referred to, is applicable to this case, and its application is not obnoxious to the constitutional objection urged. (*Roby* v. *Chicago*, 64 Ill. 447.) It follows, that the court was justified in finding that the several tax deeds constituted no legal impediment to its decree confirming the title in petitioner.

Although the tax deeds were void, the purchasers at the several sales for taxes in pursuance of which said deeds were executed, had discharged a burden cast by law upon petitioner, and paid the taxes and costs which were a just charge upon his land, and equity required that before he should, at his own suit, be declared vested with the fee simple title, as against the holders of the tax deeds, he should repay the money so advanced for his benefit and to relieve his estate. This was done as to all taxes paid at such sales, and subsequent taxes paid under such deeds, and interest thereon. The question arose, here, upon the answer of the defendant, and the court properly found an equitable defense to the relief sought by petitioner, to the extent of the taxes paid, and properly refused its relief until the petitioner should do equity by repaying the same, with legal interest thereon.

It is also insisted that the court erred in setting aside said tax deeds without requiring appellee to pay the several amounts of said special assessment sales of March 20, 1869, with legal

interest thereon. It was shown that said sales were made as alleged in the answers, and that appellants, or one of them, were the legal holders of the certificates issued thereunder. The practice in courts of equity, of requiring a party who seeks equitable relief to submit to equitable terms, is based on the maxim, "that he who seeks equity must do equity." (1 Pomeroy's Eq. sec. 385.) Upon this principle, courts of equity refuse to remove a tax title as a cloud, except upon repayment of the taxes and costs paid at the tax sale, and taxes subsequently paid under the tax certificate or deed, with legal interest thereon. The taxes paid subsequent to the sale will be presumed to have been paid under and for the support and protection of the title thus acquired. These special assessment sales were severally made prior to the sales for taxes upon which said several tax deeds were predicated, and in no sense can they be said to have been paid under or in support of the tax deeds declared void; and if appellee is, in equity, required to refund the money paid at such special assessment sales, it must be upon some equitable consideration other than that of the decree finding the tax deeds void and setting them aside. It is apparent that so far as the sales and certificates are to be regarded, in equity, as affecting the right of appellee to the relief sought by his petition, the decree conclusively determines against appellants, and the effect of confirming the absolute title in fee in appellee, is to disregard the equitable rule announced, if appellants have an equitable right to satisfaction of the sums so paid by them, or their assignors or grantors. That the special assessments for which said sales were severally made were valid burdens on appellee's lot, and that the payment of the same inured to his benefit, may be conceded. These sales were severally made March 20, 1869, and redemption thereon would expire March 20, 1871. The court found, as it was justified by the evidence in doing, that no deed or deeds were "taken out" upon the certificates severally issued at such sales, or either of them. The statute in force at the time of

making said sales, and at the expiration of redemption, was the act of March 8, 1867, (Sess. Laws, 1867, p. 167,) by which it was provided, that unless the holders or owners of certificates of sales for taxes or assessments, whether made for city, State, county, or any other purpose, under and in pursuance of any of the laws of this State, should, in all cases, within six months from and after the time of redemption should expire, take out deed or deeds as contemplated by said act, said certificates, and the sale or sales on which they were based, should thereafter "be absolutely null, and should constitute no basis of title, and should cease to be a cloud on the title to the property to which such certificates refer." The time limited in which tax deeds must be taken out upon the three tax certificates issued upon the sales for said special assessments, would, under the provisions of this act, expire September 20, 1871. Nothing is shown to take the case out of the operation of the statute. When, therefore, the petition in this case was filed, the certificates issued upon these sales for special assessments not only were not evidence of title, but constituted no basis of title, and had ceased to be clouds upon the title of appellee. By going into a court of equity, appellee submitted to giving appellants their legal and equitable rights,—nothing more. He neither gave up nor waived any legal or equitable right of his own. No vitality was thereby given to the claim of appellants for money paid at such special assessment sales, or the certificates issued thereon. The court was therefore fully justified in disregarding so much of the claim of appellants as related to the money so advanced and the interest claimed under and by virtue of said certificates, and in decreeing title in appellee as if no such sales had been made or certificates issued.

Finding no error in this record, the judgment of the Superior Court is affirmed.

*Judgment affirmed.*