BRIDGET RUSSELL

*v.*

MARTIN CONNERS.

*Filed at Ottawa March 24, 1892.*

CHANCERY—*decree limited to case made by the bill.*  A decree which gives the complainant more than he claims by his bill, and more than the evidence shows he is entitled to, is erroneous.  A complainant in chancery is confined to the case made by the bill.

APPEAL from the Circuit Court of Knox county;  the Hon. ARTHUR A. SMITH, Judge, presiding.

This was a proceeding in chancery in the court below, by appellee, against appellant, her husband, James Russell, and Knox College.    The bill is called a bill for partition, but it is rather for a specific performance, the allegations being, in substance, that on the 16th day of June, 1885, the complainant purchased of said college lot 1 and the north half of lot 2, in block 119, in the city of Galesburg, for the sum of $225 ; that afterwards the defendant, Bridget Russell, desiring to purchase the other half of lot 2, and lot 3, of said block, she and the complainant together agreed with said college that

complainant should take said lot 1 and the north half of lot 2, and said defendant the south half of lot 2 and said lot 3, each to pay said college said sum of $225, and a deed to be made upon the payment thereof; that at the time of making said contract, complainant paid thereon, in cash, $100; that thereafter said defendant, Bridget Russell, procured from said college, in her own name, a contract for a deed to the whole of said three lots, a copy of which contract is attached to and made a part of the bill. This contract is between said Knox College, by its treasurer, George Davis, of the one part, and Bridget Russell, of the other, dated June 16, 1885, for the purchase of said lots, the consideration stated to be $100 cash, and three notes by said Bridget Russell, of $116.67 each, payable in one, two and three years from said date, with interest at eight per cent, payable annually, etc. The bill shows that although the complainant did not consent that said contract should be taken in the name of said Bridget, yet he acquiesced therein, and avers that he took possession of said lot 1 and the north half of lot 2 under said purchase, and made payments thereon, through her, to the amount of $190. He also offers in his bill to pay her the balance due from him, according to the terms of said contract, but says whatever balance may be due said college should be paid by her. The prayer is, that the complainant "may receive from Knox College, or Bridget Russell and James Russell, a deed of his said premises."

The college was defaulted. James Russell claims no interest in the property except as husband of appellant. She, by her answer, denied that the complainant contracted for said lot 1 and the north half of lot 2, but avers that he and she jointly agreed to purchase the three lots on the terms set forth in said contract, which was taken in her name, with the consent of complainant, they agreeing to hold said property as tenants in common. She denies payments by complainant, as alleged in the bill, or that he has any right in said property save as

tenant in common with her when a deed to the same shall have been obtained. On a reference to the master for that purpose he reported the evidence, with his conclusions, finding that on June 16, 1885, the complainant, and defendant, Bridget Russell, contracted with Knox College for said three lots, agreeing to pay therefor $450, each of said parties to pay $225; that complainant paid $100 cash, and said defendant gave her three notes, described in said contract. He finds that upon complainant paying $23.30 he will be entitled to a deed to the undivided half of said three lots, but says he is not clear as to whether or not he will, upon payment of said sum, be entitled to a deed to said lot 1 and the north half of lot 2.

Complainant objected to this report because it did not find that he was entitled to a deed to said last described property. The defendant also objected to said report, and the master's statement of the account between her and complainant, accompanying said report. The objections of both parties were overruled by the master, but the one urged by complainant was sustained by the court. Those on behalf of defendant being overruled, it was "ordered, adjudged and decreed that Knox College execute and deliver, upon payment of the sum of $23.30 to it within ten days, a good and sufficient deed of lot 1 and the north half of lot 2, in block 119, in the fourth southern addition to the city of Galesburg, and that upon such deed being made, the said Knox College be and hereby is released from all obligations on the bond given by it to Bridget Russell for said above described premises. It is ordered that upon a failure of said Knox College to make, execute and deliver said deed within thirty days of this decree, the master of this court is hereby ordered to make the same, upon the same terms and conditions as provided above by Knox College. It is further ordered that the defendant, Bridget Russell, pay the costs of this proceeding." From that decree this appeal is prosecuted.

Mr. R. C. Hunt, for the appellant.

Mr. M. J. Dougherty, for the appellee.

Mr. Justice Wilkin delivered the opinion of the Court:

Conceding every allegation of the bill of appellee to have been supported by proof, it is clear from the foregoing statement of facts that if Knox College was complaining of this decree it could not be sustained. But as it suffered a default below, and has not joined in this appeal, our only inquiry must be, is it sustained by the allegations of the bill and the proofs, as between appellant and appellee.

Clearly, appellee's claim to the north half of said three lots can not be upheld on the ground of a parol partition between himself and appellant. The bill makes no such case. It shows that there never was a tenancy in common between the parties. It proceeds upon the theory that each purchased from the college a distinct half of said lots. The evidence to support this theory, though not satisfactory, is perhaps sufficient to support the decree, if that was the only question involved. The insuperable objection to the finding of the circuit court on this theory is, that it gives appellee more than he claims by his bill, and more than the evidence shows him entitled to. By the bill he only claims the right to a deed to what he calls his half, upon his paying one-half of the purchase money of the three lots according to the terms of said contract,—that is to say, $225, with eight per cent interest on so much of that sum as he did not pay at the date of the purchase. This interest the master's report shows to have been at that date $23.67, making the whole amount which complainant should have been charged with, $248.67. Having paid but $190, as averred in the bill, he still owed $58.67 instead of $23.30. The master, in stating the account, allowed him payments to the amount of $200.50, or $10.50 more than he claimed in his bill, and also $17 for the use of

his half of the property, on his evidence that the husband of appellant had ejected him from the same. For this $17 item no claim whatever was made in the bill, and for that reason, if no other, it was improperly allowed.

It also appears from a list of complainant's credits and items of accrued interest attached to the master's report, which is made the basis of his conclusion that but $23.30 is still due, complainant is allowed credits to the amount of $210.50,—$10 of which there seems to be no proof of whatever, and which, from other parts of said report, is shown to be a mistake. It is clear that while the amount is not large, appellant has been improperly charged with money which she never received, and which, by complainant's bill, it is not pretended she has received.

We think the decree of the circuit court is erroneous, both because it is not supported by the allegations of the bill and because it is not warranted by the proofs.

*Decree reversed.*