ASAHEL GAGE

*v.*

CHARLES A. GENTZEL *et al.*

*Filed at Ottawa, January 19, 1893.*

1. BURNT RECORDS ACT — *bill to establish title — allegations and proofs.* On bill to establish title under the Burnt Records act, it is not necessary for the petitioner to allege or prove the destruction of the evidence of his chain of title, but only that the records, or material part thereof, have been destroyed by fire or otherwise so that a connected chain of title can not be deduced therefrom.

2. On such a bill it is competent to show a perfect possessory title in the petitioner, without making any proof of title antecedent to the possession taken.

3. The fact that it is alleged in such petition that particular deeds were lost, will not prevent their introduction in evidence upon the hearing, as they may have been found since the filing of the bill.

4. The bill in a proceeding, under the Burnt Records act, to establish complainant's title, is not required to set forth or charge that a defendant's title is illegal. It is only necessary that adverse claimants be made defendants, and the burden is on them to establish their title to the property.

5. SAME — *of the decree.* On bill to establish title, under the Burnt Records act, the court is required to decree, not what the records showed before they were destroyed, but in whom the title is vested.

6. In a proceeding under the Burnt Records act a defendant, whose tax title is set aside, can not complain of the failure of the court to require the complainant to refund to him, with interest, the money paid by him in acquiring his tax deed, when he fails to introduce any evidence in respect to such title.

7. SAME — *decree conclusive on all parties as to all claims that might have been made.* A decree on a bill, under the Burnt Records act, establishing the title in fee in the complainant, is conclusive upon all adverse claimants who are made parties, and a bar to their ever afterward · setting up any title or claim they may have, as much so as if their claim or title was expressly declared invalid. A title condemned, and a failure to establish title, where a party claims rights under it, and upon whom rests the burden of establishing it, will equally leave him without title.

APPEAL from the Circuit Court of Cook county; the Hon. B. R. BURROUGHS, Judge, presiding.

Mr. GAIL E. DEMING and Mr. AUGUSTUS N. GAGE, for the appellant:

The bill, though ostensibly filed under the Burnt Records act, is, in fact, a bill under the Chancery act to remove a cloud from title. *Gage* v. *McLaughlin*, 101 Ill. 155.

The decree does not require appellees to repay appellant the amount of money advanced by him at the tax sales. This was error. *Farwell* v. *Harding*, 96 Ill. 32 ; *Moore* v. *Wayman*, 107 id. 192 ; *Gage* v. *Nichols*, 112 id. 269 ; *Alexander* v. *Merrick*, 121 id. 606.

Messrs. LACKNER & BUTZ, for the appellees:

The decree does require appellees to pay the advances of money made by Gage in and about his tax titles. The cases cited by appellant are not in point.

Counsel also referred to and commented upon *Gage* v. *Caraher*, 125 Ill. 447; *Gage* v. *DuPuy*, 134 id. 132; *Gage* v. *McLaughlin*, 101 id. 155 ; *Smith* v. *Hutchinson*, 108 id. 662.

Mr. JUSTICE SCHOLFIELD delivered the opinion of the Court:

Appellees filed their petition against appellant and others in the Cook Circuit Court to establish their title to real

estate under the Burnt Records act. They alleged in their
petition that they are owners of the property; that the char-
acter of their estate was a fee simple; that the public
records of Cook county, so far as they relate to the title to said
lands, were totally destroyed by fire October 9, 1871, and that
the original title deeds, conveyances and instruments of writing
relating to the title to said lands had been lost or destroyed,
and are not in their power to produce in this cause; that they
and their tenant are in possession, and no other person is in
possession; that the only person to whom said land has been
conveyed since the destruction of the records, and which con-
veyance has been recorded, is Asahel Gage, who resides at
Vineland, N. J.; that Asahel Gage claims an estate in fee, and
no other person except your orators and said Asahel Gage owns
or claims an estate, in fee or otherwise, in said lands or any por-
tion thereof; that they derive their title as follows: Niels H.
Ellickson and wife conveyed said property to Heinrich Gott-
fried Gentzel, March 31, 1856, by warranty deed, duly executed
and delivered, and recorded September 22, 1856, in book 113,
at page 671; that at the time of said conveyance said Ellickson
was in possession, deriving title thereto from the United States
through a complete chain of *mesne* conveyances; that Heinrich
Gottfried Gentzel conveyed an undivided half to Charles A.
Gentzel, his brother, by warranty deed, September 7, 1859, and
recorded January 2, 1861, in book 204, page 540; that Charles
A. Gentzel died intestate prior to January 1, 1865, seized of
an undivided half of said lots and leaving him surviving, com-
plainants, Charles A. Gentzel and August Gentzel, children
and only heirs; that an administrator was appointed, proof of
heirship made and his estate duly administered upon and set-
tled in the County Court prior to the destruction of the records,
and that complainants, Charles A. Gentzel and August Gentzel,
inherited together the undivided half of said property; that
Heinrich Gottfried Gentzel entirely disappeared in the year
1864, and has never since been heard of, and by presumption

of law is considered to be dead; that he died intestate prior to
1872, seized of an undivided half of said property, leaving him
surviving Friedericke Schmitz, his sister, and complainants,
Charles A. Gentzel, his nephew, and August Gentzel, his
nephew, his only heirs at law; that August Gentzel died in-
testate July 9, 1888, seized of an undivided three-eighths of
said property, and leaving complainant, Charles A. Gentzel,
his brother, his only heir at law; that the complainants, with
their ancestors and grantors, have been in the actual possession
of said property, under the deed from said Ellickson, since
1856, and are now in possession; alleges, on information and
belief, that the city of Chicago claims some interest under a
certain condemnation proceeding; and your orators further
state that by reason of the destruction of said records as afore-
said the title of your orators (as hereinbefore respectively set
forth) is rendered insecure, uncertain and unsafe, in considera-
tion whereof relief is prayed. The petition was afterward
amended so as to describe the deeds under which appellant
claimed.

There was an appearance and answer by the appellant, and
the court decreed on the hearing, among other things, as fol-
lows: " * * * This cause came on for final hearing upon
the original petition as amended, and upon the answer of Asahel
Gage (and others) and the replication thereto, and upon the
depositions, proofs and documentary evidence and testimony
offered and obtained in open court, the court having considered
the evidence and arguments of counsel and being duly advised
in the premises finds that it has jurisdiction of the parties and
subject-matter; that the public records were destroyed by fire
October 9, 1871; that at said time the original petitioners were
in possession of the property claiming title, and that their title
was derived as follows: Niels H. Ellickson and wife conveyed
to H. G. Gentzel by warranty deed March 31, 1856; H. G.
Gentzel conveyed an undivided half to his brother, C. A. Gent-
zel, by warranty deed September 7, 1859; that C. A. Gentzel

died intestate April, 1865, seized of an undivided half, and leaving him surviving Marie Maggie Gentzel, his widow, and C. A. Gentzel, petitioner, and August Gentzel, his sons, only heirs at law; that letters of administration were issued April 24, 1865, upon his estate to Gottlieb Wagner, and that the proceedings of the court were destroyed by the fire; that H. G. Gottfried has never been seen since 1864; that he is now dead; that he was never married; that he died intestate prior to 1872, seized of an undivided half of the property, leaving Friedericke Schmitz, his sister, and C. A. Gentzel, his nephew, and August Gentzel, his nephew, his only heirs at law; that after the death of the said C. A. Gentzel, his widow married Gottlieb Wagner; that seven children were born of the marriage, one of whom died, the remaining six, William, Edward, Lena, Julia, Lisa and Henry, were living at the time of the death of their mother, who died October 27, 1886; that August Gentzel died July 9, 1888, seized of an undivided three-eighths; that Henry Wagner died September, 1891, intestate and seized of an undivided three fifty-sixths.

" The court further finds that H. G. Gentzel was in actual possession of the property in the year 1856 under his deed from N. H. Ellickson; that he, with his brother Charles, was then residing upon the property and continued so until his death, claiming to be the owners and exercising acts of ownership; that the petitioners were born upon the property and lived thereon all their lives and continued to live upon said property together with Gottlieb Wagner and children to the time of the commencement of this suit, and are now living there claiming to be the owners thereof, as above set forth, and that they, with their ancestors, have been in possession upon the premises as their homestead, claiming to be the owners continuously since 1856.   *   *   *

" The court finds that a certain tax deed made by the city of Chicago to Asahel Gage, dated September 9, 1868, in book 471, page 361, and re-recorded May 12, 1874, in book 392, page 192,

purporting to convey the east half of lot 17, is null and void, and it is ordered that the same be and it is hereby set aside and declared to be no lien upon said property.

" The court further finds that a tax deed from George W. Wheeler, county clerk, to Asahel Gage, dated October 19, 1872, recorded February 15, 1873, book 183, page 90, purporting to convey said property, is null and void, and it is ordered by the court that the same be set aside upon the payment of the sums hereinafter provided to be paid to said Gage.

" The court finds that a tax deed from E. F. C. Klokke, county clerk, to Asahel Gage, dated July 16, 1879, and recorded July 19, 1879, in book 905, page 60, purporting to convey said property is null and void, and it is ordered that the same be set aside upon the payment of the sums hereinafter provided to be paid to said Gage, but it is ordered by the court that the owners of said property, as hereinafter found by the court here, pay to said Asahel Gage, within ninety days from this date, the several sums of money actually paid by him for taxes on said property as evidenced by the two last mentioned tax deeds, to-wit: the tax deed, dated October 18, 1872, and the tax deed, dated July 16, 1879, being the only tax deeds offered by the defendant, Asahel Gage, in evidence in this cause, together with six per cent interest on said sums of money from the several dates of payment by said Asahel Gage to this date, and also the sum of any payments made by said Gage for taxes or assessments with like interest thereon from the date of such payments.

" The court thereupon finds, subject to the moneys aforesaid, the title of the property to be in the petitioners aforesaid in the proportions in said decree mentioned ; and that said parties are entitled to a decree herein, establishing and confirming their title in the premises above set forth. It is, therefore, ordered, adjudged and decreed by the court that the title of said parties to said premises be and the same is hereby confirmed and forever established in fee simple in the proportions above set

forth and the cause is referred to the master in chancery to ascertain the amount due Asahel Gage for moneys paid by him for said two tax deeds and interest, and subsequent taxes and interest, interest to be computed to date.

" Thereupon it is by the parties stipulated in order to save the time and expense of the reference to the master, that upon a reference the master would find and report the said amounts paid by said defendant Asahel Gage for said two tax deeds and subsequent taxes mentioned in the foregoing order of reference to be as follows, that is to say (here follows a schedule of taxes, interests and totals) :

" And it is stipulated that the stipulation may be considered as a report of said master, and thereupon, on motion of the complainants, the said stipulation is so considered and approved."

It is contended that although the evidence disclosed that the public records were destroyed, it also appeared therefrom that all the title deeds, alleged in the petition to have been destroyed, were, in fact, in existence, and were produced as evidence upon the hearing, and that there was, therefore, no reason for proceeding under the Burnt Records act.

This contention is a little broader than the facts warrant. There was neither a patent nor a deed introduced for the purpose of proving title in Niels H. Ellickson; yet, it has been seen, it was alleged in the petition that he derived title to the property from the United States " through a chain of *mesne* conveyances," and the allegation of the destruction of the records comprehends this " chain of *mesne* conveyances," as well as the conveyances subsequent thereto. It was not necessary to allege or prove the destruction of the evidences of the chain of title, but only " that the records, or any material part thereof, * * * had been destroyed by fire, or otherwise, so that a connected chain of title could not be deduced therefrom." See secs. 6, 11 and 15, chap. 116, R. S., 1874.

The court, in such cases, is required to decree, not what the record showed before it was destroyed, but in whom the title

is invested. Sec. 15, *supra.* And it was, therefore, competent, as was here done, to show a perfect possessory title without making any proof of title antecedent to the possession. See *Robinson* v. *Ferguson,* 78 Ill. 538.

The fact that it was alleged that particular deeds were lost did not prevent the introduction of such deeds in evidence upon the hearing, since, for aught that is here shown, they may have been found subsequent to the filing of the bill, and before the hearing.

*Gage* v. *McLaughlin,* 101 Ill. 155, is not analogous to the present case. There the petitioners claimed, by virtue of a foreclosure and sale under a mortgage executed subsequently to the fire, while here the title deed under which the petitioners claim was executed before the fire.

The proceeding being under the Burnt Records act, it is unnecessary to set out that defendant's title was illegal and wherein it was so. It was only necessary that adverse claimants be made defendants, and the burden was upon them to establish title to the property. *Gage et al.* v. *Caraher,* 125 Ill. 447; *Gage* v. *DuPuy,* 134 id. 132.

It is also contended that the decree does not require the appellees to repay to appellant the amount of money advanced by him because of the tax sales.

As to the first tax deed named in the decree, the record shows that appellant failed to introduce any evidence in respect to it. He failed to furnish any basis upon which a decree could be rendered in respect to it. Concede that the court went too far in setting it aside, still, since the decree is conclusive against appellant's asserting any rights under that deed — he having had his day in court and failed to assert them — the effect is in no wise different from what it would have been had the decree made no allusion to it, for a title condemned, and a failure to establish title, where a party claimed rights under it, (and the burden is upon him to establish it), equally leave the party without title.

As to the two other deeds, the decree expressly finds that the rights of appellees are subject to the sums due for taxes paid by appellant and interest thereon, and the decree setting these deeds aside is conditional upon the payment of those sums. If appellees shall not comply with the decree, they can assert no rights under it.

All other objections urged in argument against the decree are sufficiently answered by *Gage* v. *Caraher* and *Gage* v. *DuPuy, supra.*

The decree is affirmed.

*Decree affirmed.*