BERTHOLD LOEWENTHAL

*v.*

HENRY K. ELKINS.

*Opinion filed October 24, 1898.*

1. BURNT RECORDS—*allegation and proof of destruction of records and deeds is jurisdictional.* An allegation of the destruction of records and deeds without fault of the petitioner, in a bill filed under the Burnt Records act, is jurisdictional, and unless supported by proof or admissions, by answer or default, the court is without jurisdiction to proceed.

2. SAME—*recitals of decree must be based on the evidence.* A recital in a decree, in a proceeding under the Burnt Records act, finding as facts that the records described in the bill were destroyed by fire and that the original deeds in petitioner's chain of title were lost or destroyed without his fault, will not sustain the decree if there is no evidence in the record on which to base such finding.

3. LIMITATIONS—*part performance of sections 6 and 7 cannot be joined to make full performance under either.* An allegation of possession and payment of taxes for more than seven successive years is not sustained by proof of such possession and payment for two years, and payment of taxes for more than seven years while the premises were vacant.

APPEAL from the Circuit Court of Cook county; the Hon. ELBRIDGE HANECY, Judge, presiding.

SMITH, BLAIR & SMITH, for appellant.

E. M. WINSTON, for appellee.

Mr. JUSTICE PHILLIPS delivered the opinion of the court:

Appellee filed his petition in the circuit court of Cook county, against appellant and others, to restore the records of deeds in the chain of title of lots 1, 4, 18 and 19, in block 5, in the first division of the village of Riverside, in said county, and other lots, (which records he alleges had been destroyed by fire,) and to establish title to said lots in him. Appellant answered the peti-

tion as to the above described lots, disputing the ownership of appellee and claiming title in himself. Other defendants, to whom deeds of conveyance of said lots, or some part thereof, were alleged to appear of record, were defaulted, and there was a hearing of the issues between appellant and appellee as to said lots. The court found for appellee and entered a decree establishing the title in him.

The amended petition averred that the Riverside Improvement Company became the owner in fee of the said premises under a continuous chain of title from the United States, and set out a list of conveyances down to the date of the Chicago fire, October 9, 1871, consisting of twenty-eight deeds and two plats; that the records of said conveyances were consumed in said fire and many of the original conveyances were destroyed and lost; that title passed to petitioner by a deed from the Riverside Improvement Company to the Chicago and Great Western Railroad Land Company, a trust deed from the latter company to Henry Seelye, trustee, and a trustee's deed from the latter to petitioner; that he and the said company had been in the continuous and actual possession of said lots from 1869 to the filing of the petition, in 1890, and that petitioner, while so in possession, had paid and discharged all taxes for more than seven years. The title claimed by appellant was by virtue of execution sales and sheriff's deeds under judgments against the Riverside Improvement Company.

On this appeal the only parties to the controversy are appellant and appellee, who claim from a common source of title, and from the record it appears that their titles date subsequent to October 9, 1871. The petitioner avers the payment of taxes and assessments, and that about two years before the bringing of this suit he took possession of the lots, and has had open, notorious and adverse possession. In the answer the appellant demurs also to the petition.

It is apparent this bill, whilst ostensibly filed under the Burnt Records act, is in reality filed to set aside the title of appellant acquired since the date above mentioned, and makes no sufficient case to set aside the title of appellant under that act. (*Gage* v. *McLaughlin,* 101 Ill. 155.) Nowhere in this record is there any evidence of the destruction of records by fire, or that the original deeds in petitioner's chain of title have been lost by fire without petitioner's fault, and in the absence of evidence of this character the court cannot take judicial notice of the existence of the fire or the destruction of records or deeds. Such destruction of records and deeds is jurisdictional, and must be alleged, and unless shown by proof or admitted by the answer or by default, which is not the case here, the court is without jurisdiction to grant relief. *Gage* v. *Gentzel,* 144 Ill. 450; *Gage* v. *Thompson,* 161 id. 403; *Gage* v. *Caraher,* 125 id. 447; *Quinn* v. *Perkins,* 159 id. 572; *Llewellin* v. *Dingee,* 165 id. 26; *Gage* v. *McLaughlin, supra.*

The decree finds as facts that the records were destroyed by fire, and that the original deeds set forth in petitioner's chain of title have been lost by fire or otherwise, without petitioner's fault. The recital of the decree must be based on evidence to support it, and in absence of evidence showing that fact it cannot be sustained on this appeal. (*Russell* v. *Conners,* 140 Ill. 660; *Miller* v. *Cook,* 135 id. 190; *Moore* v. *Tierney,* 100 id. 207; *Treleaven* v. *Dixon,* 119 id. 548; *Goelz* v. *Goelz,* 157 id. 33; *Koeler* v. *Eaton,* 52 id. 319; *Kennedy* v. *Merriam,* 70 id. 228; *Daniels* v. *Heartrunft,* 57 id. 222.) A finding of the decree is, "that the records of the county of Cook were destroyed in the great fire of October 9, 1871, and the original deeds, which constitute and are, as hereinafter set forth, the chain of title of this petitioner, having in such fire or otherwise been destroyed or lost, are inaccessible to this petitioner and the defendants herein." This is not a finding that the records or

any of the deeds in the petitioner's chain of title were destroyed by fire, and is not sufficient on which to base the decree. (*Gage* v. *Thompson, supra.*) In the absence of evidence preserved by the certificate of evidence or in the decree showing the loss and destruction by fire of the records of the deeds in petitioner's chain of title, and the loss or destruction of the deeds themselves, there is no evidence to support the decree.

It is insisted by appellant that the allegations of the bill and the evidence do not correspond, the allegation being the petitioner had been in possession of the premises and paid the taxes for more than seven consecutive years, whilst the evidence was that they had not been occupied for but two years. The court found by the decree that they had been vacant and unoccupied for more than seven years, during which time appellee had paid the taxes legally assessed thereon, having color of title thereto made in good faith. Payment of taxes alone does not constitute possession of land, within the meaning of the first section of the seven year limitation act. (*Johns* v. *McKibben*, 156 Ill. 71.) The evidence being that up to within about two years of the time of the filing of this bill the lands were vacant and unoccupied, when appellee fenced the same, the allegation of the bill is not sustained by the evidence. The petitioner must make his allegation under one or the other section of the Limitation act, and his evidence must sustain the allegation as made. Whilst he may make both allegations, he must sustain one or the other by proof. In this case the allegation of the bill is not sustained by the proof.

The judgment must be reversed and the cause is remanded. *Reversed and remanded.*