JACOB GLOS

*v.*

DENNIS KELLY.

*Opinion filed October 24, 1904—Rehearing denied December 9, 1904.*

1. BURNT RECORDS—*right of party to file burnt records petition.* One whose title is imperfect by reason of destruction of records may, upon proper proof, file a petition under the Burnt Records act to have his title confirmed and incidentally to have certain tax deeds set aside as a cloud.

2. SAME—*burden of proof is on defendant if he asserts validity of tax title.* In a burnt records proceeding a holder of a tax title who is made defendant has the burden of proving the validity of his title if he asserts it.

3. SAME—*tax deed is not evidence of amount paid therefor.* In a burnt records proceeding a holder of a tax title who does not attempt to show its validity but merely introduces the tax deed in evidence, must, if he desires reimbursement for money properly paid for the deed, make proof of the amount.

4. EVIDENCE—*what not sufficient proof of amount paid for tax deed.* Testimony by the holder of a tax deed, in a burnt records proceeding, that he purchased the premises at a certain tax sale and "paid at that sale" a certain amount, is not sufficient proof of the amount properly paid, where it appears that other property was sold at the same sale, of which he was the purchaser.

APPEAL from the Circuit Court of Cook county; the Hon. J. W. MACK, Judge, presiding.

Dennis Kelly, the appellee, filed his petition, on November 19, 1901, in the circuit court of Cook county, to establish and confirm title in him to certain lots in the city of

Chicago, under the act of the legislature commonly referred to as the Burnt Records act. The petition, after setting forth the description of the lots, the character and extent of the estate claimed by the petitioner, and from whom, when, and by what mode he derived his title thereto, and that the records pertaining to the title had been destroyed by fire on October 8 and 9, 1871, alleges that Jacob Glos claims to have some interest in said premises, and that petitioner knows of no other persons having or claiming any interest therein by reason of the destruction of the records. The petition makes Jacob Glos a party defendant, together with "all whom it may concern," and prays that Glos be enjoined and restrained from clouding or attempting to cloud the title of petitioner to the lots aforesaid, and that such injunction be, by decree, made perpetual; that a decree be entered removing any such cloud or clouds and establishing petitioner's rights and interests and determining the title to said lots to be in petitioner in fee simple, and that petitioner's title be established and confirmed as against the defendants and all others. Jacob Glos demurred to the petition. The demurrer was overruled and he answered, setting up a sale of the lots to him on October 1, 1897, for delinquent taxes of 1896, and a deed to him to said lots from the county clerk on September 19, 1900. The petitioner replied to the answer. The cause was referred to the master, who took evidence and reported to the court that Glos had offered no testimony to establish the validity of his tax deed or to prove that the provisions of the statute had been complied with in obtaining the same; that the evidence will not justify a finding that Glos paid $82.56 for the lots in question at the tax sale, but that he paid subsequent taxes, which, with interest, amount to $34.38, and also paid $17.65 for issuing his tax deed, but that the deed includes other premises. A decree was thereupon entered by the court finding the material allegations of the petition proved; that Glos is not entitled to be reimbursed on account of the $17.65 paid for issuing the

tax deed, and that there is no evidence that he paid $82.56, or any other sum, for the premises at the tax sale. It adjudges petitioner to be seized of the premises in fee simple and orders that his title be confirmed and established. It also adjudges the tax deed to be null and void as to the lots in question, and orders it canceled as to that property. The clerk is ordered to pay $36.85, being $34.38 taxes paid, with interest, which has been deposited with him by the petitioner, to Glos on demand, and Glos is decreed to have no further interest in the lots by virtue of the payment of taxes by him.

The only evidence in the record concerning the amount paid at the sale for taxes is the testimony of Jacob Glos, who, after stating that he purchased the lots in question at a tax sale held on October 1, 1897, said, "I paid at that sale $82.56."

This appeal is prosecuted from the circuit court by Glos, who contends, first, that the petition herein is, in effect, a bill to remove a cloud from the title, and that therefore the court erred in holding that the burden of proof was on him to show the validity of his tax deed; and second, that the decree is erroneous in not ordering appellee to reimburse appellant by the payment of $82.56, with legal interest, for the money paid by the latter for the lots at the tax sale on October 1, 1897.

JACOB GLOS, *pro se,* (JOHN R. O'CONNOR, of counsel.)

ROGERS & MAHONEY, and CHILTON P. WILSON, for appellee.

Mr. JUSTICE SCOTT delivered the opinion of the court:

The petition herein indicates on its face that it is filed under the "Burnt Records act." Appellant contends that this is a mere pretense, and that it is, in fact, a bill to set aside his tax title as a cloud upon the title of petitioner, and refers us to the case of *Gage* v. *McLaughlin,* 101 Ill. 155.

In that case, the only persons named as defendants were Gage, the owner of the tax title, and the widow and heirs of Andrew Cook. The latter had conveyed the property, after the destruction of the records, by mortgage, which had been foreclosed and passed to a deed through which petitioner took title. No person was defendant as to whom any relief could be had in reference to links in the chain of title, the records of which had been destroyed. This case is materially different. The petitioner avers that he is the owner of the title in fee simple, holding through Thomas A. Hill, who was the owner of the property at the time of the destruction of the records on October 9, 1871; that said Hill held title through sundry *mesne* conveyances, a part of which are particularly described, from the government of the United States, the record of all which conveyances were destroyed by fire on the date last mentioned. Petitioner seeks to have his title established and confirmed, and makes defendants "all whom it may concern" and Jacob Glos. It is apparent that petitioner did not have a perfect title of record on account of the destruction of the records, and it was therefore proper for him, upon requisite proof which he made, to have his title established and confirmed in this proceeding under the act in question. We think the suit is rightfully to be regarded as one under that act, within the authority of *Gage* v. *Caraher*, 125 Ill. 447, and *Gage* v. *Thompson*, 161 id. 403.

In proceedings under this act the holder of a tax title who is made defendant is required to show the validity of his title, if he asserts its validity. The burden of proof is upon him. The appellant offered no evidence of such title except the tax deed, which is not sufficient. (*Gage* v. *Thompson, supra.*) The holder of such a deed, however, even though the title be invalid, if his deed be set aside as a cloud upon the title of petitioner, is entitled, as a condition precedent to such action, to receive "all taxes and legal costs, together with all penalties, as provided by law," which

it shall appear he has properly paid in procuring the deed. (Hurd's Stat. 1903, chap. 120, sec. 224.)

In this case the tax deed offered by appellant conveys, or purports to convey, to him the real estate in question and certain other real estate, and recites that at a public sale of real estate for non-payment of taxes, made in Cook county on October 1, 1897, the real estate in question, and certain other real estate, all of which is described in the deed, was sold. Glos testified: "I purchased the premises in question" (describing them) "at a tax sale held on the first day of October, A. D. 1897. I paid at that sale $82.56." The court below held that this testimony was not sufficient to show what amount Glos had properly paid for the purposes enumerated by the language above quoted from section 224, *supra,* and the decree for that reason does not provide for the re-payment to said Glos of the sum of $82.56, with interest, or any part thereof. We think the evidence was insufficient. It appears that other property was sold at the same sale and on the same day, and that Glos was the holder of the certificate of sale of such other property at the time of the execution of the tax deed. He says he paid a certain amount "at that sale." This may mean that he paid that amount for the property in question, or that he paid that amount for the property in question and other property. It does not show, at any rate, that it is an amount which he "properly paid" in securing a deed for the premises in controversy.

It is then urged that as appellee sought, in equity, to have appellant's tax deed set aside, he could only have equity by doing equity, and to do equity he must re-pay to appellant the money properly disbursed by him in procuring the tax deed, and that as he was required to make this payment, the burden of proof was upon him to show the amount to be paid, and that if the proof offered by appellant did not establish the amount paid, it was error for the court to set aside the tax deed without ascertaining the amount paid and de-

creeing its re-payment to appellant, with interest. In *Gage* v. *DuPuy,* 134 Ill. 132, the petitioner made the holder of a tax title a party, and offered, if it was found that such defendant claimed under tax titles and the tax deeds were declared void, to pay what was equitably due therefor. The title was established and confirmed in the petitioner. The holder of the tax title brought the case to this court and assigned as error the failure of the decree to require the petitioner to re-pay the money expended in acquiring the tax titles. This court refused to reverse the decree, saying: "There is nothing in the record before us showing, or tending to show, that at the hearing plaintiff in error offered any evidence of title claimed by him, or that he had expended any sum of money in respect of any such title. There was, so far as shown by this record, nothing before the court from which it could have rendered a decree finding anything equitably due to plaintiff in error." And in *Gage* v. *Gentzel,* 144 Ill. 450, it was contended that the decree of the court below was erroneous, in that it did not require appellee to re-pay to appellant the amount of money advanced by him on account of a tax sale. This court affirmed the decree, holding that the relief in question could not have been granted, for the reason that the holder of the tax deed had furnished no evidence of the amount expended by him upon which a decree for re-payment could be rendered. Both of these cases were under the Burnt Records act, and it is apparent from them that in a proceeding under that act, where the holder of the tax deed does not attempt to show that his title is valid, but merely offers in evidence his tax deed, if he desires to be reimbursed for money properly paid out in procuring that deed, it is necessary for him to make proof of the amount.

The decree of the circuit court will be affirmed.

*Decree affirmed.*