[L. A. No. 1521.   Department One.—January 15, 1906.]

# COUNTY BANK OF SAN LUIS OBISPO, Appellant, v. J. F. JACK, Respondent.

APPEAL FROM JUDGMENT—WANT OF JURISDICTION—JUDGMENT-ROLL NOT REVIEWABLE.—This court has no jurisdiction of an appeal from a judgment taken more than six months after its entry; and upon such appeal questions arising upon the judgment-roll cannot be considered.

APPEAL FROM ORDER DENYING NEW TRIAL—SUFFICIENCY OF COMPLAINT NOT REVIEWABLE.—The sufficiency of the complaint to support the judgment cannot be reviewed upon an appeal by the defendant from an order denying a new trial; and this principle is equally applicable upon an appeal by the plaintiff from such order where the defendant claims that the judgment should be affirmed because the complaint does not state a cause of action, especially where the alleged defect in the complaint is merely technical and can be remedied by amendment if necessary.

FORECLOSURE OF MORTGAGE—JUDGMENT BY DEFAULT—COLLATERAL ATTACK — SERVICE OF SUMMONS — RECITALS — PRESUMPTIONS.—Upon collateral attack upon a judgment by default foreclosing a mortgage, where the judgment recites ''that defendants have been duly and regularly summoned,'' and ''that the default of each defendant for not answering has been duly and regularly entered,'' all presumptions are in favor of the validity of the judgment, and the thing concerning which the record is silent will be presumed to have been properly done.

ID.—AFFIDAVIT OF SERVICE — VENUE OF NOTARY — AMBIGUITY — PROOF PRESUMED.—An affidavit of service of summons which is silent as to the venue of the notary will be presumed to have been made in the county for which he was appointed; and where such affidavit is ambiguous in not showing whether a copy of the complaint and summons was delivered to each defendant at the time of service, it will be presumed that it was supplemented by other satisfactory evidence that each defendant was properly served therewith.

TAXATION—DEED FROM STATE—RECITALS—STATE'S TITLE FROM ORIGINAL OWNER NOT PROVED.—Where the state sells and conveys property acquired by deed to it for taxes, the requirement of section 3898 of the Political Code, that the deed of the state to the purchaser shall recite ''the facts necessary to authorize such sale and conveyance,'' which deed ''shall be *prima facie* evidence of all the facts recited therein,'' does not contemplate that proof of the divestiture of the title of the former owner of the property can be made by the mere *ex parte* recital by an executive officer in the subsequent conveyance by the state; and the mere deed to the pur-

chaser containing such recital is not sufficient to show that he acquired the title of the original owner in the absence of independent proof that such title was acquired by the state.

·APPEAL from a judgment of the Superior Court of Kern County and from an order denying a new trial. J. W. Mahon, Judge.

The facts are stated in the opinion of the court.

Smith & Allen, for Appellant.

Stearns & Sweet, for Respondent.

SHAW, J.—The record purports to present appeals from the judgment and from the order denying the plaintiff's motion for a new trial. The judgment was entered in the court below on June 20, 1903, and the notice of appeal from the judgment was served and filed on December ·23, 1903, which was more than six months after the entry of the judgment, and consequently after the time within which such appeal could be taken had expired. This court, therefore. has no jurisdiction of that appeal, and the questions arising upon the judgment-roll cannot be considered. The objection of the respondent, that the complaint does not state facts sufficient to constitute a cause of action, is no answer to an appeal by plaintiff from an order denying a motion for a new trial, and cannot be considered. (*Hall* v. *Susskind,* 120 Cal. 559, [53 Pac. 46]; *Tompkins* v. *Montgomery,* 123 Cal. 219, [55 Pac. 997]; *Swift* v. *Occidental Co..* 141 Cal. 165, [74 Pac. 700]; *Duncan* v. *Ramish,* 142 Cal. 686, 76 Pac. 661].) These cases all go to the point that the sufficiency of the complaint or findings to support the judgment cannot be considered upon an appeal by the defendant from an order denying his motion for a new trial. The principle, however, is equally applicable upon an appeal of the plaintiff from an order denying plaintiff's motion for a new trial, where the judgment below was for the defendant after a trial upon the merits, and the defendant claims that the judgment should be affirmed because the complaint states no cause of action. At all events, this is true in cases like the present, where the alleged defect in the complaint is merely

technical, and can be remedied by an amendment if necessary. (*Pacific Paving Co.* v. *Vizelich*, 141 Cal. 4, 10, [74 Pac. 352].)

The complaint states a cause of action to quiet title. Both parties claim title to the land in controversy under one Henry J. Symonds,—the plaintiff by virtue of a foreclosure sale, the defendant by a sale for taxes to the state and a subsequent sale from the state to the defendant. The defendant claims that the evidence of plaintiff was insufficient to show a valid transfer under the foreclosure sale, the objection thereto being that the judgment of foreclosure under which the plaintiff claims is void for lack of jurisdiction over the persons of the defendants. The mortgage was executed by Henry J. Symonds and his wife, Eliza Symonds. The foreclosure judgment was rendered on default. The first objection is that the proof of service of summons in the judgment-roll in the action was made by affidavit, and that the affidavit is defective because no venue is stated therein. The other objection is that the proof does not show a legal service.

We are of the opinion that neither of the objections can be sustained, upon the record, upon a collateral attack, such as that here made upon the validity of the judgment. The affidavit is not the only evidence in the record in regard to the service of summons. The judgment recites that the court having heard all the evidence and proofs, it appeared therefrom to the satisfaction of the court "that Henry Symons and Eliza Symons, his wife, the above-named defendants, have been duly and regularly summoned to answer unto the plaintiff's complaint herein, and that the default of each defendant for not appearing and answering unto plaintiff's complaint has been duly and regularly entered herein." The case comes within the rule that in all particulars wherein the record is silent or non-committal the presumption is in favor of the validity and regularity of the action of the court; that unless the record shows affirmatively that something necessary to the jurisdiction of the court was not done, or that something which was required was done in a manner so irregular as to make it void, the presumption is that the thing concerning which the record does not speak was properly done. Thus in *Drake* v. *Duvenick*, 45 Cal. 465,

it is said: "The record fails to show by direct assertion that the copy of the summons was delivered to Dorland, but as it fails to show the contrary, and as the court must have found from the return or other evidence before it that it was so delivered—for upon that its jurisdiction depended, and it necessarily decided that it had jurisdiction, as the first point in the case—we think it one of the cases where presumption will now come to the aid of the judgment." With regard to the venue, the affidavit does not affirmatively show that the oath of the person making the affidavit of service was administered by the notary public in the county for which he was appointed as such notary, but neither does it show that it was not administered within that county It is silent as to the place where the oath was taken. The court affirmatively finds from the evidence that the defendants were duly and regularly summoned. This it may have found either from evidence that the oath was administered in the proper county, or from other evidence of service which is not in the record. The alleged defect in the proof, as set forth in the affidavit, is that the affiant therein states that he personally served the summons on the defendants "by delivering to and leaving with said Henry Symons and Eliza Symons, said defendants, personally, a copy of said summons attached to a copy of the complaint in said action," and that this statement does not show that he delivered to each of the defendants a copy of the complaint and summons, but that, for aught that appears therefrom, he may have delivered but one copy to the two of them for their joint behoof, and that this latter form of service would not be a legal service. It must be admitted that the affidavit of service is ambiguous on this point. But here again there is no affirmative statement that but one copy was delivered to the two defendants, and proof that each received a separate copy would not be contradictory of the affidavit, but would be in harmony therewith. The recital in the judgment and the presumption of law come to the aid of the specific proof appearing in the record, and it is to be presumed from the recital that from other evidence satisfactory to the court it appeared that each of the defendants at the time of the service received a copy of the summons and complaint. (*Sacramento Bank* v. *Montgomery*, 146 Cal. 751, [81 Pac.

138]; *People* v. *Davis,* 143 Cal. 678, [77 Pac. 651]; Freeman on Judgments, sec. 130.) It may be added that in *Reavis* v. *Cowell,* 56 Cal. 588, it was held that a statement of the venue therein is not necessary to the validity of an affidavit. The citation of authority holding that the sufficiency of such proof of service may be inquired into upon a direct appeal from the judgment does not detract from the force of the principles above stated. They have no application to cases where the attack is collateral.

The next question is whether or not the deed to the defendant from the state of California is valid and sufficient to show the vesting of Symonds's title in the defendant. There was no other evidence tending to show that the title of Symonds had been transferred to the defendant, no deed to the state having been introduced, and the sufficiency of this deed as evidence of such transfer must depend on the sufficiency of the recitals in the deed to prove a previous transfer of the title from Symonds to the state. The deed introduced did not purport to transfer title from Symonds to the state. Its purport and its only efficacy as a conveyance was to transfer the title of the state, such as it had, to the defendant. It contained a great many recitals of matters of fact, and among other things stated that in the year 1894 the land was the property of Symonds, and was regularly assessed to him for the taxes of that year, which he failed to pay when due; that the land was then advertised and sold for the payment of such taxes, then delinquent, on July 3, 1895, and was on that day in pursuance of said proceedings sold to the state of California for the non-payment of said taxes; and that afterwards, on August 1, 1901, in pursuance of said sale, there having been no redemption therefrom, the tax-collector of the county duly executed a deed conveying to the state all the said property, which deed was duly recorded and thereupon filed in the office of the state controller. Further recitals were made to the effect that the controller thereafter authorized the tax-collector of Kern County to sell said land at public auction, in the manner provided by law; that the tax-collector had accordingly advertised it for sale, and, the defendant being the highest bidder, had sold it to him for the sum of twelve dollars. The contention of the respondent is that these recitals contained in the deed

from the tax-collector to the defendant are sufficient evidence of the previous sale of the interest of Symonds to the state at the sale for delinquent taxes and of the deed of the tax-collector to the state in pursuance thereof.

This claim cannot be sustained. The only authority for such a proposition is found in sections 3897 and 3898 of the Political Code. Section 3897 provides that whenever the state has become the owner of any property sold for taxes, and the deed to the state has been filed with the controller, as provided in section 3785, the controller may thereupon in writing authorize the tax-collector of the county to sell the property or any part thereof as he may deem advisable, at public auction for cash, after certain prescribed notice of the sale, and that the tax-collector may thereupon sell the same in the manner prescribed. Section 3898 provides what shall be done with the money received at such sale, and thereupon proceeds as follows: ''On receiving the amount bid, as prescribed by the preceding section, the tax-collector must execute a deed to the purchaser, reciting the facts necessary to authorize such sale and conveyance, which deed shall convey all the interest of the state in and to such property, and shall be *prima facie* evidence of all the facts recited therein.'' This does not go so far as the respondent contends. It cannot be allowed to have the effect of operating as proof of the execution of a previous deed whereby the title of the taxpayer had been transferred from him to the state. It would be most extraordinary if it had been intended to provide that proof of such divestiture of title to property could be made by the mere *ex parte* recital of an executive officer set forth in a subsequent conveyance to which the owner was not a party. No such purpose was contemplated by the legislature. The statement that the deed should be *prima facie* evidence of all facts recited therein cannot enlarge the office of such recitals so as to make them evidence of facts not required to be recited therein. The requirement that the deed shall recite the facts necessary to authorize the sale and conveyance refers only to the facts necessary to authorize the tax-collector to sell the title of the state, the title which the state had previously acquired. It does not authorize or require the recital of the chain of title or of the facts and proceedings whereby the state obtained title to the property.

Evidence of those facts is provided for by section 3787, referring to the deed of the tax-collector to the state when the tax sale is not redeemed. It declares such deed to be "conclusive evidence of the regularity of all other proceedings from the assessment by the assessor, inclusive, up to the execution of the deed." The recitals required by the provisions of section 3898, above quoted, refer to the authorization of the sale by the controller, and the proceedings for the sale made in pursuance of such authority, and perhaps of the fact of the filing of the deed in the office of the controller, those being acts occurring subsequent to the vesting of title in the state, and the latter being necessary to give the controller authority to act in the matter. So far as it recites other matters, it is ineffectual as evidence, and the proof of the defendant was therefore not sufficient to show that he had acquired the title of the original owner, Symonds.

Other questions are presented and argued which are not necessary to the decision of this appeal, but which may arise upon a new trial in the lower court. As we cannot perceive with certainty precisely what questions will arise, nor the particular phase of them that may be presented, we cannot discuss them intelligently, and we therefore refrain from expressing any opinion thereon. The findings that the defendant is the owner of the land and that the plaintiff is not the owner thereof are not sustained by the evidence and the motion for a new trial should have been granted.

The order denying a new trial is reversed.

Angellotti, J., and McFarland, J., concurred.