[L. A. No. 3779.   Department Two.—October 14, 1916.]

## CHARLOTTE L. McARTHUR et al., Respondents, v. D. M. GOODWIN et al., Defendants; WILL D. GOULD, Appellant.

Tax Deeds—Proof of Chain of Title—Deeds to and from State.—In proving a chain of title based upon a tax deed, the deed *to* as well as the deed *from* the state must be offered in evidence.

Attorney at Law—Purchase of Mortgage Affecting Property of Client—Lien not Created.—The surreptitious purchase by an attorney at law, in opposition to the interests of his clients, of a note and mortgage in process of foreclosure against his client's property, is void, and the attorney is not entitled to a lien on the property for the purchase price.

Id.—Secret Purchase of Tax Titles—Voluntary Payment.—An attorney at law, who without instructions so to do from his client, secretly purchases tax titles affecting the property of his client,

is a mere volunteer, and is not entitled to reimbursement from the client.

MORTGAGE—RECITAL THAT DEED IS SUBJECT TO—ASSUMPTION OF MORT-GAGE DEBT BY GRANTEE.—The mere recital in a deed that it is made "subject to" a mortgage, does not impose any personal liability upon the grantee for the payment of the mortgage debt. Such liability only arises by distinct assumption of the debt or contractual obligation to pay it.

FINDINGS OF OWNERSHIP—ULTIMATE FACT—VOLUNTARY PAYMENTS.—A statement by the court in its findings of ownership, title, or interest as resting in any individual is a finding of ultimate fact and not a conclusion of law. The same is true of a finding that a party was not *compelled* to pay certain moneys for which reimbursement was sought.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order refusing a new trial. M. T. Dooling, Judge presiding.

The facts are stated in the opinion of the court.

James H. Blanchard, and Will D. Gould, for Appellant.

Carter, Kirby & Henderson, for Respondents.

MELVIN, J.—One of the defendants, Will D. Gould, appeals from the judgment and from an order denying his motion for a new trial.

The action was one brought by Charlotte L. McArthur to quiet her title to lots one (1), seven (7), ten (10), eleven (11), and thirteen (13) of the Hillard Tract, in the county of Los Angeles. The original defendants were D. M. Goodwin, Will D. Gould, and certain persons sued by fictitious names. The complaint in addition to the usual allegations in such suits contained the averment on information and belief that the claim of defendants to an interest in the property was based upon certain tax deeds. Defendant Gould answered denying the allegations of the complaint except those which contained a statement of his adverse claim of title, and he averred that he was seised and possessed of all of the lots of land described in the complaint "as the sole owner thereof." This answer was filed January 23, 1909. Three and a half years later, on July 15, 1912, a few days before the time set for the trial, the appellant filed and served a

cross-complaint and interpleader, in which he set up certain equitable matters.    Charles H. McArthur answered this pleading and charged Will D. Gould with fraud in the purchase of a certain mortgage which, according to the pleading was bought by Gould (who is an attorney at law) for his own benefit while he was acting as counsel for Charles H. McArthur in an action to foreclose the mortgage. In his brief filed in the superior court, Mr. Gould disclaimed any intention of depending upon the efficacy of any tax deeds as vesting title in him.    He admitted that he was Mr. McArthur's attorney of record at a time when he compromised certain litigation to which we shall refer more fully hereafter.

In his brief before this court, however, the appellant asserts that his case presents these questions:

"1.  Can a *cestui que trust* quiet title to the property against the trustor before the determination of the trust?

"2.  Can the title to property be quieted against a mortgage held by a joint owner or an attorney in the case who has purchased it to protect the title?

"3.  Can the title to property be quieted against taxes paid by a joint owner who paid them to protect the title?"

The land known as the "Hillard Tract" was purchased by Charles H. McArthur and Will D. Gould from Margaret A. Hillard in 1890.    It was subject to a mortgage for five thousand dollars, but the court found that "it is not true that Charles H. McArthur and Will D. Gould, or either of them, assumed or promised to pay a note and mortgage for five thousand dollars, or for any other sum as part consideration of the deed executed to them by Margaret A. Hillard or otherwise."    At the trial it was stipulated that Gould deeded to C. H. McArthur an undivided half of lot seven (7) on June 26, 1891, and that he deeded to said C. H. McArthur an undivided half of lot 10 on July 1, 1892.    By an instrument dated August 2, 1897, Gould deeded an undivided one-half interest in lots one (1), eleven (11), and thirteen (13) to Mary E. Linton.    It will thus be seen that he had divested himself of the record title long before this suit was instituted. It also appears that the record title is in the plaintiff Charlotte L. McArthur.    At the trial appellant introduced certain tax deeds.    These represented alleged tax titles bought by Gould, as he asserted, through persons representing him, to whom he advanced the money for the purchase price.    How-

ever, he failed to prove a chain of title because he began with the introduction in evidence of the deeds from the state. No deeds *to* the state were offered. Appellant's chain of title depending on the tax deeds was therefore incomplete. (*County Bank of San Luis Obispo* v. *Jack,* 148 Cal. 437–442, [113 Am. St. Rep. 285, 83 Pac. 705].) Numerous other criticisms of appellant's alleged tax title are made by respondent. These are in the form of technical objections to the sufficiency of the proceedings leading up to the execution of the tax deeds, and although they are all apparently of much force we need not examine them in detail, in view of the failure upon the appellant's part to prove his chain of title depending upon the alleged sales of the property for delinquent taxes.

But appellant bases his claim of interest in the land mainly upon payments which, as he avers, he made to protect the interests of the plaintiff and the other adversaries mentioned in his cross-complaint. In that pleading he took the position that after he and Charles H. McArthur acquired title from Mrs. Hillard they made improvements and sold certain lots; that they paid to the mortgagee, one Albertson, $2,705 in consideration of which sum he released certain lots not here in controversy from the effect of the mortgage; that in 1894 and 1897 upon specified dates Mrs. Hillard, Charles H. McArthur, and Will D. Gould renewed and extended the note and mortgage; that Charles H. McArthur, acting for himself and the plaintiff Charlotte L. McArthur, induced Gould to convey his interest in lots one (1), eleven (11), and thirteen (13) to Mary E. Linton, as trustee for the benefit of Charlotte L. and Charles H. McArthur, in consideration of the promise of Charles H. McArthur for himself and in behalf of plaintiff, who is his daughter, and also in behalf of Mary E. Linton, his sister-in-law, that they and each of them would fully pay the note and mortgage then a lien upon the unsold portion of the Hillard Tract, Gould and Charles H. McArthur (so runs the pleading) having promised to pay the note and mortgage as a part of the purchase price of the tract; and that the promises made by Charles H. McArthur were made fraudulently and without intention of keeping them. The pleading contains further allegations substantially setting forth the failure of the grantee of Gould and the beneficiaries of the trust to pay the note or the taxes; the sale of these five lots at public auction and the purchase of the tax titles in

appellant's behalf and at his expense; the eventual transfer of said titles to him; the commencement by one Knight of an action for the foreclosure of the mortgage mentioned above; and the purchase by Gould through intermediaries of the note and mortgage. It will thus be seen that the only important matter to be determined is whether or not, under the pleadings and the evidence, Gould was entitled to a lien on the land for moneys properly expended in behalf of the trustee and the beneficiaries.

Gould was attorney for Charles H. McArthur at the time when he purchased the note and mortgage and the alleged tax titles. He did these things after the action for foreclosure had been dismissed as to him. He acted in opposition to the interests of his clients and his purchases were therefore void. An attorney at law is forbidden to purchase an interest in the thing in controversy adverse to his client. (*Webster* v. *King,* 33 Cal. 348; *Eoff* v. *Irvine,* 108 Mo. 378, [32 Am. St. Rep. 609, 18 S. W. 907]; *Cunningham* v. *Jones,* 37 Kan. 477, [1 Am. St. Rep. 257, 15 Pac. 572].)

The court found that Gould did not tell Charles H. McArthur of his purchases. The assignments of the mortgage by and through Gould's representatives, George Gould and James H. Blanchard, and finally to appellant himself, were not recorded at the time of the trial. The tax deeds were not recorded until a very few days before the cross-complaint was served on plaintiff. Regarding the suit to foreclose the mortgage the court found, upon abundant evidence, that Gould, without Charles H. McArthur's knowledge, "settled, satisfied, and discharged" the said action for two hundred and fifty dollars; that he operated through others to conceal the fact of settlement from McArthur and his successors; and that this course was taken "for the fraudulent purpose of compelling said Charles H. McArthur and his successors in interest, to pay on account of said note and mortgage a much larger sum of money than said Will D. Gould had paid to satisfy and discharge the same."

Appellant attacks the first finding, which is to the effect that plaintiff is the owner of and entitled to the possession of the five lots in controversy. He calls attention to the fact that the pleadings admit Mary E. Linton's trusteeship under his deed. But that admission does not help him if his averment regarding the consideration for his deed to Linton be

not true, and the court specifically found that the alleged promise to pay the note was not the consideration for the deed to Linton; that Gould did not rely upon any such promise in executing the deed; and that there was other consideration for the transfer of appellant's interest to Linton. Gould never pretended that the trust was in his favor. He pleaded that it was for the benefit of plaintiff and her father. We are not here concerned with the details of the trust imposed upon Mary E. Linton, because it does not appear that Gould was interested therein.

Appellant argues that there was no evidence of any other consideration for his deed to Mary E. Linton save the promise of payment of the note and mortgage, because Mr. McArthur at the trial did not explain the consideration. The deed imported a consideration (Civ. Code, sec. 1614), and Mr. McArthur denied that he had promised to pay the note secured by the mortgage. Instead of questioning him about the true consideration, the appellant chose not to cross-examine Mr. McArthur.

Appellant seeks to shift the burden of proof because of the partnership which he says was existing between himself and Mr. McArthur and the consequent fiduciary relation arising therefrom. There is no force in this contention. The fraud in the execution and delivery of the Linton deed was pleaded in the cross-complaint by which Charles H. McArthur was brought into the case. The burden was upon Gould to establish this alleged fraud. The Linton deed was drawn by appellant himself. It contains no statement of any promise to be performed by the McArthurs or by Mary E. Linton, but it does contain language to the effect that it was made "subject to" the mortgage. In the foreclosure suit Gould made his affidavit disclaiming all interest in the property. In addition to all this Mr. McArthur testified that *before the Linton* deed was made appellant told him that the mortgage was barred, and that was the very position taken by Mr. Gould as attorney for Mr. McArthur in preparing the demurrer to the complaint in the action to foreclose the mortgage. From the foregoing it will be seen that the court was justified in finding that the respondents were not guilty of any inequitable conduct.

Nor does the evidence sustain appellant's argument that the plaintiff is not entitled to have the title to these lots quieted in her favor until she at least repays him the actual

outlay made by him in causing the dismissal of the foreclosure suit and paying the amounts due because of the delinquent taxes. If Mr. Gould had shown that he acted on behalf of and under the orders of his client or of the other beneficiaries, when he made the outlays for which he seeks reimbursement, there would be some strength in his position, but the court found, under competent evidence, quite the contrary. In the purchase of the tax titles he was a volunteer and one, moreover, acting secretly so far as his client was concerned. Plaintiff is under absolutely no obligation to repay these outlays. If they had been made by Gould to protect his client's interests he naturally would have sought a settlement, and would not have waited many years before seeking to establish an interest in himself as grantee under a tax deed. But he insists that the payments made by him in procuring the assignment of the mortgage to him was in protection of the rights of Mr. McArthur and those of the plaintiff and Mrs. Linton, and for such advancements he is entitled to repayment. But, as we have seen from the court's findings, he fraudulently concealed his course in this matter and became an involuntary trustee through his own fault. Therefore he has none of the rights ordinarily existing in favor of a trustee. (Civ. Code, sec. 2275.)

Appellant attacks finding number two which is to the effect that McArthur and Gould did not assume or promise to pay the note and mortgage as part consideration of the deed to them from Margaret A. Hillard. The language of the deed surely created no such personal obligations on their part. The mere recital in the deed that it was made "subject to the mortgage" did not impose any personal liability upon the grantees for the payment of the mortgage debt. Such liability only arises by distinct assumption of the debt or contractual obligation to pay it. (*Hibernia Sav. & Loan Soc.* v. *Dickinson,* 167 Cal. 616, [140 Pac. 265]; 27 Cyc. 1343.) Mr. McArthur testified that they never did assume personal liability for the mortgage. In this he was contradicted by appellant. The court's finding upon this conflicting testimony must stand.

The court also found that Mr. Goodwin and the others who acted for appellant in purchasing tax titles had no interest in the property. This was correct. Appellant freely admitted that they were acting for him, and at the time of the trial

they had divested themselves in his favor of such record title as they had possessed. This finding is not, as contended, a misplaced conclusion of law. The statement of ownership, title, or interest by the court as resting in any individual is a finding of ultimate fact and not a conclusion of law. (2 Hayne on New Trial and Appeal, p. 1339.) The same may be said of the finding that Gould was not *compelled* to pay any money on account of taxes or the mortgage. He had been dismissed as a party to the suit to foreclose the mortgage, and there was evidence which the court accepted that he had received no instructions from his client to pay any sums whatever. Therefore he had no interest to protect.

Other specifications of alleged error are argued in the briefs, but they are without merit and are answered substantially in the foregoing discussion. We will not, therefore, review them in detail.

The judgment and order are affirmed.

Lorigan, J., and Henshaw, J., concurred.