[L. A. No. 3855. Department Two.—March 8, 1917.]

ANNA K. JONES, Respondent, v. LOUIS LUCKEL et al., Defendants; LOUIS LUCKEL, Appellant.

TAXATION—PROOF OF TITLE UNDER TAX DEED—DEEDS TO AND FROM STATE MUST BE INTRODUCED.—A defendant in an action to quiet title, claiming title under a tax deed, in order to establish that he had acquired the title of the delinquent taxpayer to the land, must introduce in evidence a deed to the state vesting in it the title of the delinquent taxpayer, as well as a deed from the state to the purchaser.

ID.—WAIVER OF PROOF OF DEED TO STATE—STIPULATION AS TO PLAINTIFF'S TITLE.—The introduction of such a deed to the state is not waived by reason of a stipulation entered into by the parties at the trial, to the effect that the "plaintiff is the owner of the property . . . unless the title to said property has become vested in said defendant by virtue of the tax deed to be introduced in evidence by him."

ID.—PROOF OF DEED TO STATE—RECITALS IN ASSESSMENT-ROLL OF SALE TO STATE.—The execution of such a deed to the state is not proven by recitals contained in the delinquent assessment-roll and in the state controller's authorization for a sale, to the effect that the property had been sold to the state on a specified date.

ID.—QUIETING TITLE—PURCHASE PRICE PAID TO STATE—SUBSEQUENT TAXES—REPAYMENT AS CONDITION OF EQUITABLE RELIEF.—The owner of the land is entitled to a decree quieting his title against such claimant under the deed from the state, without paying the amount paid by him as the purchase price of the property to the state and other amounts subsequently paid as taxes on it, where the evidence fails to show that the state ever had any lien against or title to the property, or that the defendant ever acquired any.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order refusing a new trial. Charles Wellborn, Judge.

The facts are stated in the opinion of the court.

James McLachlan, Louis Luckel and George P. Adams, for Appellant.

Carter, Kirby & Henderson, Collier & Clark, and John Schlegel, for Respondent.

LORIGAN, J.—Plaintiff brought this action to quiet her title to a tract of land in Los Angeles County. On the trial, and preliminary to the introduction of any evidence, it was stipulated between the parties "that said plaintiff is the owner of the property described in the complaint . . . unless the title to said property has become vested in said defendant (Luckel) by virtue of the tax deed to be introduced in evidence by him and the deed to him by William P. Young which is to be introduced in evidence by him."

Plaintiff rested her case upon this stipulation, and defendant then offered in evidence a tax deed from the state of California to himself and his codefendant Young made June 30, 1903, which recited a delinquency in the payment of state and county taxes on land in Los Angeles County (describing it) for the year 1895, a sale to the state thereof, and subsequently a deed to the state made July 3, 1901, and a purchase by the defendants from the state of the same for the sum of $40.64, being the amount of accrued taxes, penalties, and costs up to the date of sale. Further proof was made by defendant Luckel of a deed to him from his codefendant Young of his interest in the property described in the deed from the state to them, and in addition, proved, as alleged in his answer, the payment by him of $26.14 as an aggregate amount of taxes imposed on the property described in the tax deed for the different years from the date of said tax deed to the commencement of the action. No further evidence at all was offered on the part of defendant. Plaintiff in rebuttal introduced in evidence certain official tax records and proceedings for the purpose of showing that the property described in the tax deed from the state to the defendant was not the same property described in the complaint; nor was it the same property on which a delinquency in the payment of taxes accrued and upon which the deed from the state relied on by defendant Luckel was based. Other evidence was also introduced by plaintiff under which it was claimed that the tax deed to defendant was invalid.

The court made general findings in favor of plaintiff—that she was the owner of the property described in the complaint, and that the defendant Luckel had no title or interest therein. It made no finding on the issue tendered of the purchase price paid by Luckel to the state at the sale, or of the taxes subsequently paid by him.

A decree quieting her title was entered in favor of plaintiff, and defendant Luckel appeals therefrom, and also from an order denying his motion for a new trial.

Several grounds are urged by the plaintiff in support of the judgment. Some of these consist of particulars in which it is claimed the tax deed from the state to the defendant is invalid. Independent of these claims, however, it is further insisted by plaintiff that the judgment must be affirmed for the reason that the evidence on the part of defendant failed to show that he ever acquired any title to the land described in the complaint. It will be perceived that the only evidence introduced by defendant in support of his claim of title to the land described in the complaint was the deed from the state to himself and his codefendant, Young. He introduced no deed whatever in evidence to show that the state had ever acquired any title to the land from the predecessor in interest of plaintiff, or from herself, or at all. This could only be shown by the production of a deed to the state made on a sale to it after delinquency by the owner in the payment of his taxes assessed against it. As there was no such deed to the state produced in evidence, there was no sufficient showing that the defendant had ever acquired title to the property against plaintiff. This being true, then under the stipulation between the parties as to title, the court was warranted in its finding against defendant and in favor of plaintiff and in awarding judgment to the latter. Further discussion of this point is made unnecessary as just this precise question was involved in *County Bank* v. *Jack*, 148 Cal. 437, [113 Am. St. Rep. 285, 83 Pac. 705], where it was decided that the production in evidence of a deed to the state vesting the title of the delinquent taxpayer in the state, together with the introduction of a deed from the state to the purchaser, was essential in order to establish that the purchaser had acquired the title of the delinquent taxpayer to the land; and that the production of the deed from the state to the purchaser was not alone sufficient. That case must control here. Counsel for defendant questions the applicability of that decision here because he claims that under the preliminary stipulation above quoted, proof of a deed to the state was waived. Besides, he asserts that on the trial it was proven by plaintiff that such a deed had been made, which proof was sufficient. But the stipulation is not susceptible of any such construc-

tion. It was a stipulation really in the interest of plaintiff obviating the necessity of proof by her of her chain of title to the property, while it was also a limitation on the right of defendant to assert any title to the property except under some tax deed from the state. Nothing was conceded on the part of plaintiff respecting this deed. She was not precluded from attacking it or questioning the validity of all the essential proceedings upon which it was based, a right which in several particulars was availed of on the trial. Nor was it a limitation upon her right to question the sufficiency of the evidence in the case offered by defendant in support of his alleged title to the property described in the complaint. It was in no respect a waiver of any proof which was essential on the part of defendant that he should introduce in order to make out a title on his part to the lands. Counsel does not present any argument, or suggest any language used in the stipulation, which supports the assertion of a waiver of this essential evidence. He contents himself simply by saying that it was waived. But we cannot agree with him. Nor is there any merit in his claim that evidence of a deed to the state was sufficiently proven by the plaintiff to supply the failure to do so on his part. It is, of course, not claimed by defendant that any deed to the state was produced on the trial by either side. Plaintiff, for the purpose of showing that the description in the delinquent assessment-roll, and in the state controller's authorization for a sale of the property, embraced in the deed from the state to defendants, were of different property, and that none of the descriptions were of the property mentioned in the complaint, introduced the record entries in the delinquent assessment-roll and in the authorization of the controller to prove those facts. Aside from the description and other recitals appearing in the delinquent assessment-roll, was an entry "Sold to the state, July 2, 1896," and in the authorization is a recital that the property described, various pieces of which were authorized to be sold, including that subsequently conveyed to defendant by the state deed, had been theretofore sold to the state. It is these recitals which defendant claims obviated the necessity of the production of a deed to the state. But this evidence cannot be given the effect of showing the execution of a deed sufficient to transfer title to the state, and, hence, a waiver of the necessity of producing the deed to the state

as an otherwise essential chain, with the deed from the state, to establish title in the defendant. The effect of a simple recital that a deed was made to the state appearing in some of the proceedings under which the property of the delinquent taxpayer was ultimately sold by the state is no greater than would be given to a recital of such a fact which appears in all deeds from the state, and as it was recited in the one to defendant here, and as it also appeared in the deed from the state under consideration in *County Bank* v. *Jack,* 148 Cal. 437, [113 Am. St. Rep. 285, 83 Pac. 705]. It was held in the case cited that such a recital did not obviate the neces-' sity of the production by the purchaser from the state of a deed to the state, and if such a recital would be of no avail there, it cannot be perceived how a similar recital in the delinquent assessment-roll, or the controller's authorization, would obviate the necessity of producing in evidence a deed to the state as an essential element in proof of his title to property described in the complaint as purchased of it from the state.

It is further contended by defendant that the court erred in failing to find on the issue of the amount paid by him as the purchase price of the property to the state, and the other amounts subsequently paid as taxes on it, and in failing by its decree to require repayment to him of the money so expended. It is held in *Holland* v. *Hotchkiss,* 162 Cal. 366, [L. R. A. 1915C, 492, 123 Pac. 258], that a court of equity in an action brought by the owner of property to remove or cancel a tax deed or tax sale as a cloud upon his title, or to obtain a judgment which in effect will declare invalid such a sale or deed, should refuse such owner relief except on condition that he first repay to the tax purchaser the taxes, penalties, interest, and costs of sale chargeable upon the land, and which the purchaser has paid at the sale by the state, as also the taxes he had subsequently paid. But this is only required where it appears that such taxes are justly chargeable upon the lands affected by the sale or tax deed. There is nothing in this case to show that the state ever acquired any lien for taxes chargeable against the property described in the complaint, or that the state ever acquired any claim against it, legal or equitable, by lien or sale or deed, or that defendant had acquired any interest or title in the property described in the complaint under any tax proceedings or deed. It is a case where it simply does not appear that the state

ever had any lien against or title to the property of plaintiff described in the complaint, or that the defendant ever acquired any. Under such circumstances there is no ground or reason for imposing as a condition upon the right of plaintiff to have a judgment quieting her title entered that she reimburse the defendant for anything. As under the evidence a finding by the court in the matter of payment of taxes would be of no benefit to defendant if the court had made it, no prejudice was worked against him by a failure to make such finding.

The judgment and order appealed from are affirmed.

Melvin, J., and Henshaw, J., concurred.