[Civ. No. 2875.  Second Appellate District, Division Two.—February 26, 1919.]

## G. H. BUBLITZ, Respondent, v. W. H. REEVES et al., Defendants; W. H. REEVES, Appellant.

[1] APPEAL—ALTERNATIVE METHOD—QUIETING TITLE—DENIAL OF NON-SUIT—EXAMINATION OF IMPERFECT RECORD.—In an action to quiet title, on an appeal by the alternative method, where the denial of a nonsuit is claimed by appellant to have been erroneous and the appellant prints as an appendix to his brief practically the entire record of title, consisting of many conveyances and other documents, without calling attention to any alleged error or omission as affecting the vesting or divesting of ownership of the property involved in the action, the appellate court will not make a search of this complicated record, without the aid of counsel, to either prove or disprove the uncontroverted statement in respondent's brief that at the time he rested on the first hearing the evidence established his title to a two-thirds interest in the property in question.

[2] ACTION TO QUIET TITLE—NONSUIT—PROPERLY DENIED WHERE SUBSTANTIAL INTEREST SHOWN.—In an action to quiet title, where plaintiff shows title to a two-thirds interest, a nonsuit is properly denied.

[3] ID.—DENIAL OF NONSUIT—EVIDENCE SUPPLIED ON FURTHER HEARING.—If after the denial of a nonsuit evidence is introduced on further hearing, and upon the conclusion of the whole case there is evidence upon the material issues warranting the submission of the cause to the jury, the question of whether the court erred in denying the nonsuit becomes of no consequence.

[4] TRIAL—REOPENING HEARING OF EVIDENCE—DISCRETION OF TRIAL COURT.—It is within the discretion of the trial court to reopen the hearing of evidence at any time before the trial is concluded and until the decision of the court by its written findings, made and filed.

[5] QUIETING TITLE — TAX DEED SET OUT IN ANSWER — FAILURE TO DENY BY AFFIDAVIT—ADMISSION OF GENUINENESS.—The genuineness and due execution of a tax deed set up in defendant's answer in an action to quiet title is admitted under section 448 of the Code of Civil Procedure by failure of the plaintiff to file an affidavit denying the same.

[6] ID.—ESTOPPEL FROM DENYING VALIDITY.—But such admission of the genuineness and due execution of the tax deed does not estop the plaintiff from denying its validity in any other respect.

[7] ID.—TAX TITLE—EVIDENCE—DEED TO STATE.—In an action to quiet title where defendant claims title under a tax deed, it is essential for him to produce in evidence a deed to the state as well as a deed from the state; a recital in the deed from the state that the property was sold and conveyed to the state for nonpayment of taxes is insufficient.

APPEAL from a judgment of the Superior Court of Los Angeles County. C. A. Raker, Judge Presiding. Affirmed.

The facts are stated in the opinion of the court.

J. Irving McKenna and Catherine A. McKenna for Appellant.

Carter, Kirby & Henderson for Respondent.

SLOANE, J.—This was an action by plaintiff to quiet title to a parcel of land in the city of Pasadena, county of Los Angeles. The defendant Reeves was the only defendant answering the complaint. By his answer he denied plaintiff's title, and claimed title in himself under a state tax deed from the tax collector of Los Angeles County, set out in full in a pleading filed as a cross-complaint.

On the trial plaintiff introduced record evidence purporting to show chain of title from United States patent, through mesne conveyances, to himself, and rested. The defendant Reeves moved for nonsuit on the ground that the evidence was insufficient to show title in the plaintiff. The motion was denied, and no further evidence being offered, the court directed judgment for the plaintiff. Thereafter, and before the decision and findings were made and filed, the plaintiff filed his notice of motion, with affidavit supporting the same, that the hearing be reopened for the introduction of further evidence in support of plaintiff's title, on the ground of in-

advertence, mistake, and oversight on the part of plaintiff in
failing to introduce at the hearing certain conveyances and
other evidence material to plaintiff's case. On the presenta-
tion of this motion as noticed, the hearing was reopened, over
the objection of defendant, and plaintiff was permitted to in-
troduce, and thereafter and on a day set therefor did intro-
duce, further evidence in his chain of title. Plaintiff also
offered record evidence in rebuttal of defendant's tax deed
purporting to show that the tax levy on which the sale to the
state, under which the tax collector's deed as set out in defend-
ant's cross-complaint was issued was void. The only evidence
offered by the defendant Reeves was his state tax deed exe-
cuted by the county tax collector and testimony of himself as
to consideration for the deed, and that he had been in pos-
session of the property since the execution of the deed under
which he claims, title. At the conclusion of this additional
evidence defendant again moved for a nonsuit, which was by
the court denied. Findings were thereafter made in favor of
the claim of title of plaintiff, and against the claim of title of
defendant, and judgment was made and entered quieting title
in the plaintiff. Appeal was taken from the judgment by the
defendant Reeves, under the alternative method.

The record in this case is a voluminous one, covering about
two hundred typewritten pages, and including all the convey-
ances, maps, and records constituting plaintiff's chain of title,
upward of thirty documents in all; but as no specification of
their insufficiency is contained in appellant's brief, although
all the deeds are printed in the appendix thereto, we assume
that there is no dispute as to the sufficiency of the record to
show title in plaintiff, subject only to defendant's tax deed.
The only specifications of error, in fact, presented and argued
by the appellant, are on the ruling of the court denying his
motion for nonsuit against the plaintiff, the order reopening
the trial for the introduction of further evidence after direct-
ing judgment for the plaintiff, and failure to require, as a con-
dition of quieting plaintiff's title, a repayment of the money
advanced on the tax title.

[1] Whether the state of the evidence at the conclusion of
the original hearing entitled defendant to a nonsuit we shall
not attempt to determine. Under section 953c of the Code of
Civil Procedure, parties appealing on the typewritten record
are required to print in their brief, or in an appendix thereto,

*such portions* of the record as they desire to call to the attention of the court. The appellant in this case has printed as an appendix to his brief practically the entire record of title, consisting of upward of thirty conveyances, and other documents constituting plaintiff's chain of title, without calling attention to any alleged error or omission as affecting the vesting or divesting of ownership of this property. Respondent in his brief claims that at the time he rested on the first hearing the evidence established his title to a two-thirds interest in the property in question. There is no reply brief of appellant on file, so this claim is not controverted; and we do not feel like making a search of this complicated record, without aid of counsel, to either prove or disprove the statement. [2] If it is correct, the defendant was not entitled to a nonsuit. (*Davis* v. *Crump,* 162 Cal. 513, [123 Pac. 294].) [3] However, we deem this point immaterial, if the court was justified in reopening the case for further evidence, as on the further hearing evidence was introduced completing plaintiff's chain of title and supporting the judgment in his favor. "If upon the conclusion of the whole case there is evidence upon the material issues warranting the submission of the cause to the jury, the question of whether the court erred in denying nonsuit becomes of no consequence." (*Peters* v. *Southern Pac. Co.,* 160 Cal. 48, [116 Pac. 400]; *Lowe* v. *San Francisco etc. Ry. Co.,* 154 Cal. 573, [98 Pac. 678].)

[4] The court was justified in reopening the case for further evidence. It was within the discretion of the court to reopen the hearing of evidence at any time before the trial was finally concluded, and until the decision of the court, by its written findings, was made and filed, the trial was not ended. (*Warring* v. *Freear,* 64 Cal. 54, [28 Pac. 115]; *Connolly* v. *Ashworth,* 98 Cal. 205, [33 Pac. 60]; *San Francisco Breweries* v. *Schurtz,* 104 Cal. 420, [38 Pac. 92].)

The judgment for the plaintiff, then, must be sustained unless his title is defeated by the tax deed to defendant. [5] The only evidence in support of this adverse claim is the deed from the tax collector of Los Angeles County, purporting to convey to defendant a tax title from the state of California. This deed was set out in defendant's answer and cross-complaint, and no affidavit denying the same was filed, as provided by section 448 of the Code of Civil Procedure. Its

genuineness and due execution were, therefore, admitted, and it must be taken for what, on its face, it appears to be.

[6] But this does not estop the plaintiff from disputing its validity in any other respect. (*Moore* v. *Copp,* 119 Cal. 429, [51 Pac. 630].) It does not imply an admission of title in the state of California, or its authority to convey. The only intimation that the state had any title to convey is contained in a recital in the deed "that the real property hereinafter described was duly sold and conveyed to the state of California for the nonpayment of taxes which had been legally levied, and which are a lien upon said property under and in accordance with law." As was declared in *County Bank* v. *Jack,* 148 Cal. 437, [83 Pac. 705], such recital "cannot be allowed to have the effect of operating as proof of the execution of a previous deed whereby the title of the taxpayer has been transferred to the state"; and it is further there held that the tax collector's deed alone was not sufficient to show that the state had acquired the title of the original owner. [7] The production in evidence of a deed to the state vesting title of the delinquent taxpayer in the state, together with the introduction of a deed from the state to the purchaser, was essential in order to establish that the purchaser had acquired the title of the delinquent taxpayer to the land; and the production of the deed from the state to the purchaser was not alone sufficient. (*Jones* v. *Luckel,* 174 Cal. 532, [163 Pac. 906].)

Respondent in his brief, in further opposition to the claim of appellant under the tax deed, attacks the validity of the proceedings for the tax assessment, levy, and sale upon which the deed in question purports to be based; but in view of the insufficiency of appellant's showing of title in himself, already pointed out, it is unnecessary to consider this point.

There is nothing in the pleadings presenting any issue for the recovery by defendant of any payments made in connection with his purported tax title, and nothing to show the amount or value of the payments, other than a recital in the copy of the deed attached to the answer that the consideration for the deed was defendant's bid of $301 for the property. Some evidence seems to have been taken on the trial on this point, over plaintiff's objections, and appellant in his brief claims that he paid $86.46 delinquent taxes, and also $40 on the taxes under the tax sale, but no reference to the evidence on this point is contained therein, either in the brief

itself or the appendix thereto. The showing made is too indefinite and obscure to justify the court in determining the equities that appellant might have in this particular.

Parties relying upon the often cumbersome and intricate record of the reporter's transcript must conform to the provisions of section 953c of the Code of Civil Procedure if they want to insure a satisfactory consideration of the evidence.

The judgment appealed from is affirmed.

Finlayson, P. J., and Thomas J., concurred.