[Civ. No. 2979.   Fourth Dist.   Jan. 4, 1943.]

JAMES SWANN, Respondent, v. MINNIE CARSON et al., Defendants; WILLIAM E. STARKE, Appellant.

William E. Starke in pro. per., for Appellant.

C. F. Woolpert for Respondent.

MARKS, J.—This is an appeal from a judgment quieting title to property in Riverside County. ██ Plaintiff claims title under a tax deed from the State of California. Defendants either are the original owners or deraign title from them.

Plaintiff has filed no brief and has made no argument in this court. At the trial he introduced in evidence the deed from the state and rested. He evidently relied on subdivision 7 of section 3897 of the Political Code which provides in part as follows:

"A deed given by the tax collector upon a sale made as in this section provided shall convey title to the purchaser free and clear of all liens, taxes, assessments or encumbrances of any kind or character whatsoever levied or assessed or liened on the property which are due at the time of such sale so conveyed prior to the date of such sale, and, except as against actual fraud, such deed duly acknowledged shall be prima facie evidence of the regularity of all proceedings from the assessment of the assessor to and including the execution of such deed."

The legal effect of this provision does not seriously differ from that contained in section 3898 of the Political Code in effect at the time of the decisions of the cases which we will consider here.

The precise question was considered in *County Bank* v. *Jack,* 148 Cal. 437 [83 P. 705, 113 Am.St.Rep. 285], except that the decision was based on the provisions of section 3898 of the Political Code. The plaintiff attempted to prove its title by the introduction of the deed from the state. In reversing a judgment for the plaintiff the court, after quoting from section 3898 of the Political Code, said:

"This does not go so far as the respondent contends. It cannot be allowed to have the effect of operating as proof of the execution of a previous deed whereby the title of the taxpayer had been transferred from him to the state. It would be most extraordinary if it had been intended to provide that proof of such divestiture of title to property could be made by the mere *ex parte* recital of an executive officer set forth in a subsequent conveyance to which the owner was not a party."

*Jones* v. *Luckel,* 174 Cal. 532 [163 P. 906], is to the same effect. The court there said:

"It is these recitals which defendant claims obviated the necessity of the production of a deed to the state. But this evidence cannot be given the effect of showing the execution of a deed sufficient to transfer title to the state, and, hence, a waiver of the necessity of producing the deed to the state

as an otherwise essential chain, with the deed from the state, to establish title in the defendant."

The same procedure was followed and conclusion reached in *McArthur* v. *Goodwin*, 173 Cal. 499 [160 P. 679], where defendant Gould claimed under tax deeds from the state, to himself, which were produced in evidence. It was held that he had not established title in himself because "he failed to prove a chain of title because he began with the introduction in evidence of the deeds from the state. No deeds *to* the state were offered. Appellant's chain of title depending on the tax deeds was therefore incomplete." (See, also, *Bublitz* v. *Reeves*, 40 Cal.App. 75 [180 P. 28].)

It is thoroughly settled here that a plaintiff in an action to quiet title must depend on the strength of his own title and not on the weakness of the title of defendants; that if he fails to prove title in himself he cannot recover. (*Sears* v. *Willard*, 165 Cal. 12 [130 P. 869]; *Williams* v. *City of San Pedro*, 153 Cal. 44 [94 P. 234]; *Del Giorgio* v. *Powers*, 27 Cal.App.2d 668 [81 P.2d 1006].) **[1b]** As plaintiff failed to establish title in himself he was not entitled to recover.

The judgment against appellant is reversed.

Barnard, P. J., and Griffin, J., concurred.