[Civ. No. 15518.   Second Dist., Div. Two.   Nov. 1, 1946.]

JOHNSON, INC., (a Corporation), Respondent, v. GRACE P. WARDEN, as Executrix, etc., Appellant.

J. Everett Brown for Appellant.

Donald J. Dunne for Respondent.

MOORE, P. J.—As holder of a tax deed conveying three lots in tract 10,509 in Los Angeles County, respondent sued Charles P. and Grace P. Warden to quiet its title in the property. Charles having deceased after filing his answer, Grace as his executrix, defended the action but defaulted in her individual capacity. She appeals from an adverse judgment. The evidence of respondent consisted solely of recorded documents. The first of these was a "tax deed" dated June 22, 1940, from the county tax collector to the city of El Monte which instrument recites (1) the prior conveyance of the lots to the state for the nonpayment of taxes; (2) the termination of the right of redemption (see Rev. & Tax. Code, § 3791), and (3) the grant of the property to the city of El Monte. The second instrument was the "tax deed" dated July 13, 1940, from the tax collector of El Monte to respondent

which recites the former conveyances, termination of the right of redemption as provided by section 66, Ordinance 4, of the city, the consideration paid by respondent for the property, and the grant thereof. Both instruments were certified by the Registrar of Titles of Los Angeles County. The levy of the city's tax on the property was proved (Code Civ. Proc., §§ 1919 and 1951) to have been authorized by section 66 of Ordinance 4 of El Monte and the conveyance to respondent was directed by a resolution of the city council.

Such proceedings, directions and conveyance are authorized by section 3791, 3810, 3841 of Revenue and Taxation Code, (formerly Pol. Code, §§ 3897 et seq.), and prove the transfer of title from the city to respondent. To show a clear title vested in respondent it was essential to show that title was legally vested in the city's grantor, to wit, the state. Happily this was done by appellant's introducing in evidence the "certificate of title" issued by the registrar of titles. That document dated September 17, 1936, certifies that the state is "the owner of an estate in fee simple" in the described property. It is some proof of the state's ownership as provided by section 42, Land Title Law [Stats. 1915, p. 1932], Act 8589, Deering's General Laws which is as follows: *"Register of land conclusive as evidence.* The register of any land, and duly certified copies thereof, shall, except as herein otherwise provided, be received in law and in equity as evidence of the facts therein stated, and as conclusive evidence that the person named therein as owner is entitled to the land for the estate or interests therein specified.'' Its contents not having been contradicted by any evidence the record shows a complete chain of title in respondent.

Appellant's contention is that want of proof of conveyance to the state or of the process by which it acquired its asserted title is fatal to respondent's cause, citing *Swann* v. *Carson,* 56 Cal.App.2d 502 [132 P.2d 863], and other authorities which hold the tax deed itself without proof of the steps whereby the taxpayer's title was transferred to the state is insufficient to establish title in the grantee. The answer to such contention is supplied by law. The execution of the "deed to the State" referred to as indispensable to the proof of title in him who asserts ownership by virtue of the tax deed in the cases cited by appellant (*Swann* v. *Carson, supra; Jones* v. *Luckel,* 174 Cal. 532 [163 P. 906]; *County*

*Bank* v. *Jack,* 148 Cal. 437 [83 P. 705, 113 Am.St.Rep. 285] ; *McArthur* v. *Goodwin,* 173 Cal. 499 [160 P. 679] ; *Bublitz* v. *Reeves,* 40 Cal.App. 74 [180 P. 28]) was proved by the registrar's certificate which recites that the State of California was owner in fee of the property involved.

It is objected that hearsay recitals in the deed to El Monte are not competent proof of their contents. Granting the truth of such objection still the language of section 42, *supra,* makes certified copies of the register of land titles "evidence of the facts therein stated." After the register had proved that title was vested in the state prior to the conveyance to El Monte it was incumbent upon appellant to introduce proof to defeat the prima facie case established by the register. Such evidence not having been received it was thereby established that respondent held a valid title deraigned from the state.

While there may be serious question as to that part of section 42 which attempts to make the register of land titles "conclusive evidence" that the person named therein as owner is entitled to the land for the estate or interests therein specified, yet it is neither a denial of due process of law nor an unwarranted invasion of the property rights of a land owner to provide by statute that the register of titles may contain prima facie proof of ownership. There is a presumption that a public official has regularly performed his duty. (Code Civ. Proc., § 1963, subd. 15.) Because by the Land Title Act the registrar is clothed with power to determine whether a conveyance vests title in the transferee no such judicial power is thereby conferred upon him as would violate the due process clause of the Fourteenth Amendment to the federal Constitution. The power of the state to regulate the modes of acquiring and transferring land and to make uniform and impartial changes in the rules of evidence as to the burden of proof is practically unrestricted. (*People* v. *Simon,* 176 Ill. 165 [52 N.E. 910, 915, 68 Am.St.Rep. 175, 44 L.R.A. 801] ; *Arndt* v. *Griggs,* 134 U.S. 316 [10 S.Ct. 557, 33 L.Ed. 918] ; *Gage* v. *Caraher,* 125 Ill. 447 [17 N.E. 777].) The due process clause is not infringed by section 81 of the act which authorizes the registrar upon the filing of the tax deed to the state to cancel the existing certificate for the land described in such deed and to issue a new certificate to the purchaser. (*People* v. *Simon, supra.*) Inasmuch

as the state has full control over the procedure of its courts (*People* v. *Hickman,* 204 Cal. 470, 478 [268 P. 909, 270 P. 1117]) that portion of section 42, *supra,* which authorizes the receipt of the register as evidence of the facts recited in its contents established title in the state prior to its conveyance to El Monte. Therefore the evidence supports the judgment.

The instant proceeding is not concerned with the events preceding the conveyance of the land to the state or with the tax deed itself. Had that deed been introduced instead of the register it would have proved the regularity of the tax levy, nonpayment, delinquency, sale, nonredemption and sale for the correct sum. (Rev. & Tax. Code, § 3517; *Boyer* v. *Gelhaus,* 19 Cal.App. 320, 323 [125 P. 916].) But the registrar's certificate having been introduced by defendant and because it is valid prima facie proof of the state's ownership, a complete chain of title showing the land vested in respondent was established.

The authorities, *supra,* cited by appellant related to situations where the deeds containing the recitals of delinquency, sale and conveyance were recorded. They did not involve a consideration of the procedure in the case of registered titles.

Judgment affirmed.

McComb, J., and Wilson, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied December 23, 1946.