[Civ. No. 16123.   Second Dist., Div. Two.   Dec. 16, 1947.]

G. D. ALSPACH, Appellant, v. MORI B. LANDRUM, Respondent.

Oscar S. Elvrum for Appellant.

Harold E. Prudhon for Respondent.

McCOMB, J.—From a decree in favor of defendant and cross-complainant, hereinafter referred to as defendant, and against plaintiff and cross-defendant, hereinafter referred to as plaintiff, in an action to quiet title to real property, plaintiff appeals.

These are the essential facts:

Plaintiff filed an action to quiet title to 115 acres of land described in the tax collector's deed mentioned below. Defendant filed an answer and a cross-complaint seeking to quiet title in himself to the same property.

At the time of the trial plaintiff offered, in support of his title, the following documents: (1) a deed of mineral rights in the property from Robert F. O'Brien to Southern Trust Company, a corporation; (2) a quitclaim deed from the

Security-First National Bank of Los Angeles, as successor to Southern Trust Company, to Mr. Alspach of the mineral rights in the property; (3) a quitclaim deed dated October 24, 1945, to the property executed by Lucile A. Whipple to Mr. Alspach; and (4) a tax receipt from the tax collector of Los Angeles County showing the property in question and other property assessed to Mr. Alspach in the year 1946.

On behalf of defendant there was received in evidence: (1) a stipulation that in the year 1938 the property described in the cross-complaint was deeded to the state of California for taxes; (2) a deed dated April 15, 1941, executed by H. L. Byram, Tax Collector, County of Los Angeles, State of California, to Mr. Landrum, describing the property in question.

There are three questions presented for our determination:

First: *Did plaintiff introduce evidence which would have sustained a finding that the title to the property in question was vested in him?*

This question must be answered in the negative, and is governed by these pertinent rules of law:

■ (1) Plaintiff in a quiet-title action must depend on the strength of his own title and not on the weakness of that of defendant. Thus, if he fails to prove title in himself he is not entitled to recover. (*Swann* v. *Carson,* 56 Cal.App.2d 502, 504 [132 P.2d 863].)

■ (2) In the absence of evidence of either (a) possession by plaintiff or his predecessors of the property in dispute, (b) a deed to plaintiff from the person under whom his adversary claims, duly signed, acknowledged and recorded, together with proof that plaintiff purchased and paid for the property, or (c) a sheriff's deed under a foreclosure of a mortgage, and evidence of possession under the deed, it is necessary for plaintiff, in order to show ownership, to introduce evidence of a patent from the government and mesne transfers to himself, or of a certificate of purchase from a governmental authority in order to establish a prima facie case. (See 22 Cal.Jur., 1925, p. 178, § 49, notes 4, 5, 6, and 7.)

■ Applying the foregoing rules to the facts in the instant case it is apparent that plaintiff's evidence failed to meet any of the requirements of any of the foregoing rules. Hence, he failed to introduce evidence to make out even a prima facie case in his favor, and the trial court properly gave judgment against him on his complaint.

■ Second: *Was there any uncertainty or ambiguity in the tax collector's deed to defendant which described the property in question as situated in the county of Los Angeles, state of California, to wit, "115 Acs N ½ of NW ¼ and N ½ of SE ¼ of NW ¼ and E 15 Acs of S ½ of SE ¼ of NW ¼ (Ex of Mining Right) of Sec. 15 T 8 N. R. 15 W."?*

Plaintiff's contention that the description is made uncertain because of the inclusion therein of the phrase "(Ex of Mining Right)" is without merit. It is clear that the deed conveyed the state's interest in and to the described property with the exception of the mining rights. Therefore, there was neither a latent nor a patent ambiguity in the description in the deed.

■ Third: *Was defendant's cross-complaint properly before the court in view of the fact that the trial court did not make a formal order granting defendant permission to bring a new party into the action when he filed his cross-complaint?*

This question must be answered in the affirmative. When the case was called for trial plaintiff objected to the cross-complaint on the ground that it did not state a cause of action against plaintiff. This objection was overruled by the trial court.

Where a trial court does not formally grant permission to file a cross-complaint which brings in new parties, its action in overruling a demurrer thereto or a motion to strike upon the grounds that a new party has been introduced without permission of the court will, on appeal, be considered as evidence that the trial court considered the pleading to be on file with its consent. (*Syvertson* v. *Butler,* 3 Cal.App. 345, 347 [85 P. 164].)

The action of the trial court in overruling plaintiff's objection to the cross-complaint in the instant case clearly falls within the purview of the aforesaid rule, and we consider the cross-complaint which brought in a new party as having been filed with the permission of the trial court.

The decree is affirmed.

Moore, P. J., and Wilson, J., concurred.