[Civ. No. 15940. Second Dist., Div. Three. Jan. 16, 1948.]

JAMES DeFLON, Respondent, v. W. ARTHUR VAN LUE, as Administrator, etc., Appellant.

Porter C. Blackburn for Appellant.

No appearance for Respondent.

WOOD, J.—Defendant appeals from a judgment in favor of plaintiff in this action to quiet title to real property. The complaint alleged that plaintiff was the owner and in possession of the property, that defendant claimed an interest therein adverse to plaintiff, and that the claim was without any right whatever. The defendant denied those allegations, except the one as to the interest claimed by him; and he alleged in his answer that "this defendant admits that the said estate claims title thereto." At the trial plaintiff offered in evidence a tax deed executed by the tax collector of Los Angeles County, as grantor, purporting to convey the said property to the plaintiff, as grantee. Defendant objected to that offer on the grounds that it was incompetent, irrelevant and immaterial, and that no proper foundation had been laid. The court overruled the objection and received the deed in evidence. Thereupon plaintiff rested his case, and then the defendant, without offering any evidence, rested his case. Findings were not made, and were not waived.

Defendant contends that a tax deed from the state to a purchaser at a tax sale is insufficient to establish title in the purchaser. Plaintiff did not file a brief on appeal.

As above stated, the only evidence presented by plaintiff was the tax deed from the state. There was no evidence that the property had been conveyed by deed to the state. A deed to the state is a necessary part of the proof required in establishing title based upon a tax deed. (*Jones* v. *Luckel*, 174 Cal. 532, 534 [163 P. 906]; *County Bank* v. *Jack*, 148 Cal. 437, 441, 442 [83 P. 705, 113 Am.St. Rep. 285]; *Swann* v. *Carson*, 56 Cal.App.2d 502 [132 P.2d 863].)

In the case of *Jones* v. *Luckel, supra,* defendant attempted to prove his title to land by introducing in evidence the tax deed from the state to himself. In that case the court stated at page 534: "He introduced no deed whatever in evidence to show that the state had ever acquired any title to the land

from the predecessor in interest of plaintiff, or from herself, or at all. This could only be shown by the production of a deed to the state made on a sale to it after delinquency by the owner in the payment of his taxes assessed against it. As there was no such deed to the state produced in evidence, there was no sufficient showing that the defendant had ever acquired title to the property against plaintiff.''

The case of *Swann* v. *Carson, supra,* 56 Cal.App.2d 502, is similar to the present case. The plaintiff therein, who claimed title under a tax deed, introduced in evidence a deed from the state, then rested, and on appeal did not file a brief. The court therein held that plaintiff failed to establish title in himself because there was no evidence that the property had been conveyed by deed to the state. (See, also, *Johnson, Inc.* v. *Warden,* 76 Cal.App.2d 697 [173 P.2d 838].)

The provision of section 3711 of the Revenue and Taxation Code, to the effect that the deed from the state is conclusive evidence of the regularity of the proceedings, does not mean that the deed from the state to the purchaser is conclusive evidence that there is a deed to the state. That section (enacted in 1939) provides: ''Except as against actual fraud, the deed [from the state to the purchaser] duly acknowledged or proved is conclusive evidence of the regularity of all proceedings from the assessment of the assessor to the execution of the deed, both inclusive.'' That section is in division 1, part 6, chapter 7, of said code, which chapter is entitled ''Sale to Private Parties After Deed to State.'' In the case of *Roma* v. *Elbert, Ltd.,* 73 Cal.App.2d 338 [166 P.2d 294], in referring to said section, the court stated at page 340: ''That section refers only to the regularity of the taxing procedure and does not purport to declare that the deed received by a purchaser from the state is evidence that the property had previously been deeded to the state. The Legislature cannot make a tax deed conclusive evidence of matters that are essential to the exercise of the taxing power, that is, as to the steps that are jurisdictional in their nature. [Citing cases.] The state cannot convey title that it does not possess. A deed to the state is a jurisdictional prerequisite to its right to execute a deed to a purchaser at a tax sale. Appellants made no offer of proof that the state had received a deed to the property in question. If such a deed existed it was a matter of public record and

could have been readily produced and offered in evidence. The record does not disclose that any request was made to the court for an opportunity to produce the missing document.'' In that case (p. 340) the court held that the trial judge properly refused to receive in evidence the tax deed from the state on the ground that the proper foundation had not been laid, in that, it had not been shown that the state had acquired title to the property.

The record herein does not indicate the basis upon which defendant claims title to the property. The burden, however, was upon plaintiff to establish title in himself. ''In an action to quiet title, the plaintiff must recover upon the strength of his own title and not upon the weakness of the defendant's claim.'' (*Tanner* v. *Title Ins. & Trust Co.*, 20 Cal.2d 814, 825 [129 P.2d 383].) Plaintiff failed to establish title in himself.

By reason of the above conclusion, it is not necessary to discuss the other contentions of appellant regarding the failure to make findings, and regarding plaintiff's failure to allege and prove that he paid the taxes levied subsequent to the purchase at the tax sale.

The judgment is reversed.

Shinn, Acting P. J., and Vallée, J. pro tem., concurred.